# COURT OF APPEALS.

GEORGE A. OSGOOD and CYRUS CURTISS, receivers of the COLUMBIAN INSURANCE COMPANY, respondents agt. WILLIAM LAYTIN and others, appellants.

If an *insurance company, being insolvent*, distributes its *capital* among its stockholders, thus placing it beyond the reach of its creditors, such act is a *fraud* upon the creditors, and falls directly within the provision of the statute (*Laws of* 1858, *p.* 506, § 1) which provides: That the receiver of an insolvent corporation may, for the benefit of creditors, treat as void, and resist all acts done, transfers and agreements made in fraud of the rights of any creditor.

And in an action by the receiver to recover, by virtue of said statute, from the stockholders, it is not necessary that the complaint should aver an intent, in making the distribution, to defraud the creditors.

The receiver is a trustee for all the creditors, and the appropriate party to prosecute in their behalf; and all the stockholders who are liable may and should be included as defendants in the action.

If any *creditors* have previously commenced actions individually, against such stockholders to recover such fraudulent distributions, they may be included as defendants together with the stockholders, in an action brought by the receiver, and restrained by injunction from the further prosecution of such action.

*September Term*, 1867.

THE Columbian insurance company was organized as an insurance company by virtue of the general act authorizing the organization of such companies.

The company was dissolved by the judgment of the supreme court, in February, 1866, and the plaintiffs appointed receivers, who duly qualified and gave the requisite security. In July, 1866, the company, being insolvent, paid a dividend of three and one-half per cent, upon its stock to the defendants, who were stockholders of the company; some of the defendants who were creditors of the company, commenced actions, individually, against several of the stockholders separately, for the purpose of recovering from them the amount of the dividend received by them respectively. Whereupon the plaintiffs commenced this action against all

the stockholders of the company who had received dividends, and also against the creditors of the company who had commenced actions against the stockholders, demanding judgment against the stockholders, severally, for the amount of the dividends respectively received, and a judgment against the creditors, perpetually restraining them against the prosecution of suits against the creditors of the company for the collection of the dividends received.

The defendants, or a portion of them, demurred to the complaint : the stockholders upon the ground that the facts stated, constituted no cause of action ; the creditors upon the same ground, and also that plaintiffs had not legal capacity to sue, that there was a defect of parties defendant, and that several causes of action were improperly united.

Judgment was given for the plaintiffs upon the demurrers at special term, which was affirmed on appeal at the general term of the supreme court, from which the defendants appealed to this court.

ELBRIDGE T. GERRY & C. C. LANGDELL, *for appellants.*
D. D. FIELD, *for respondents.*

*By the court,* GROVER, J. The point presented by the stockholders who have demurred is, that the plaintiffs cannot recover from them the sums received as dividends, for the reason that the complaint shows that the same was paid out of capital and not out of profits, and is not therefore a dividend within the meaning of the law, but a misappropriation of capital, and does not therefore come within the meaning of the statute. I am at a loss to discover how the argument, that money paid by the company to its stockholders, although paid as a dividend, is not such in a legal sense, if sound, can at all benefit these defendants. *Sec.* 1, *p.* 506, *Laws of* 1858, among other things provides : That the receiver of an insolvent corporation may, for the benefit of creditors, treat as void, and resist all acts done, transfers

and agreements made, in fraud of the rights of any creditor. From the facts stated in the complaint, it is manifest that a distribution of the capital of the company, or any part of it, among the stockholders, was a fraud upon the creditors.

It is alleged that the company was at the time insolvent.

It must be presumed that the directors, at the time of declaring the dividend, were cognizant of this fact, as it was the duty of each to examine into the affairs of the company before making a dividend, and when making it to know that it was made from net profits belonging to the company. If the company, being insolvent, distributes its capital among stockholders, thus placing it beyond the reach of its creditors, such act is a fraud upon the creditors, ands falls directly within the provisions of the statute above cited.

It is insisted by the counsel for the stockholders that to authorize the plaintiffs to recover, by virtue of the above statute, from the stockholders, the complaint should aver an intent in making the distribution to defraud the creditors. I do not think this necessary. Ignorance of facts that it was the duty of the managers to know, not to know which was gross negligence, cannot excuse the managers and impart any virtue or validity to acts otherwise clearly illegal, and which were a palpable fraud upon the creditors. But I do not think the position sound. Sec. 20 of the act, to provide for the incorporation of insurance companies, as amended in 1857, (4 *Edm. R. S. p.* 210), provides that. "No dividend shall ever be made by any company incorporated under this act, when its capital stock is impaired, or when the making of such dividend will have the effect of impairing its capital stock ; and any dividend so made shall subject each of the stockholders receiving the same to an individual liability to the creditors of said company, to the extent of such dividend received by him." This shows that the legislature used the term dividend in its popular sense, that is, a sum of money distributed *pro rata* among the stockholders without reference to the source from which it was taken or

paid.   The fact of its being illegal to make a dividend of anything but net profits does not at all tend to show the meaning of the legislature in the use of the word.  The design plainly expressed by the language of the section was to prohibit a dividend of the capital among the stockholders, and to preserve the same intact as a fund for the payment of creditors and security of dealers.   It follows that the dividend in the present case was illegal, and that the stockholders receiving the same are liable to the creditors for the amount by them respectively received.

The next question is, how is this to be recovered from the stockholders.   Their liability is to the creditorsof the company.   It is clear that no one creditor of the company can maintain an action against an individual stockholder, for the reason that the liability created by statute is to the creditors generally, and not to individual creditors, thus creating a liability to the creditors jointly.   Again, a creditor, if permitted individually to sue the separate stockholders, might institute actions against each, although his demand amounted to far less than the aggregate liability, and he would continue a creditor until he had obtained satisfaction of his debt, and could obtain judgment in all the actions.

Again, in equity, this libility enures to the creditors, in proportson to the amount of their debts respectively.   The maxim " that equality among creditors is equity," is applicable to the case.   A court of law cannot, in a joint action by all the creditors, work out this equity and do justice between the parties.

This confers jurisdiction in equity, upon the ground that there is no adequate remedy at law.   The plaintiffs as receivers are trustees for all the creditors, and the appropriate parties to prosecute in their behalf; thus avoiding the troublesome inquiry as to who are creditors in the proceeding, to collect from the stockholders the several amounts each is liable to pay.   All the stockholders who are liable may, and should, be included as defendants in the same

Osgood agt. Laytin.

action. There is no difficulty in determining the amount each is to pay upon the trial of the cause, and in case the whole amount of the liability is not required for the payment of the debts of the company, the precise amount each is to pay can be determined in the action. This course of proceeding is also necessary to prevent multiplicity of actions, as there are several hundred of stockholders.

The above views dispose of the case as to the stockholders.

The creditors insist they are not proper parties to the action against the stockholders, and that upon this ground they are entitled to judgment upon the demurrer. Equity having the power to enforce payment from the stockholders, and an action having been instituted in the proper mode for that purpose, which in its result will place the fund in the possession of the court for distribution among the creditors, it is the duty of the court to protect the stockholders from being harassed by other actions instituted to enforce the same liability.

This can only be done by restraining such actions.

To enable the court effectually to do this, those creditors who have instituted such suits, and those who threaten so to do, are proper parties to the action. The judgment appealed from should be affirmed.