FANNY S. BARTLETT, Respondent, *v.* DANIEL DREW, impleaded, etc., Appellant.

The assets of a corporation are a trust fund for the payment of its debts, and its creditors have a lien thereon and the right to priority of payment over its stockholders.

. Where property of a corporation has been divided among its stockholders before all its debts have been paid, a judgment creditor, after the return of an execution unsatisfied, may maintain an action, in the nature of a creditor's bill, against a stockholder to reach whatsoever was so received by him. It is immaterial whether he got it by fair agreement with his associates or by a wrongful act.

The creditor is not required to bring his suit on behalf of other creditors who may choose to come in, or to make all the stockholders parties to the action. With the equities as between the stockholders themselves he has nothing to do, unless he chooses to intervene to settle them.

The fact that the debtor is a foreign corporation is not material.

(Argued May 11, 1874; decided September term, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of plaintiff entered upon the report of a referee. (Reported below, 4 Lans., 444.)

This was an action in the nature of a creditor's bill brought by plaintiff as judgment creditor of the New Jersey Steam Navigation Company after the return of an execution, *nulla bona*, to reach certain assets of the said company alleged to be in the hands of defendant, Drew.

In September, 1866, the plaintiff recovered in the Supreme Court a judgment against the New Jersey Steam Navigation Company, a corporation created by the laws of the State of New Jersey, for $836.32 upon a cause of action accruing in the month of July, 1863. An execution upon the judgment was duly issued to the sheriff of the city and county of New York and returned unsatisfied. The corporation was created in February, 1839, with a capital of $500,000, and had an existence of thirty years' duration which terminated in the month of February, 1869. In 1868 this action was com-

menced against the corporation and Daniel Drew, who was a large stockholder therein as well as a director and president of the board and a resident of the city of New York. The business of the corporation was that of a common carrier, transporting passengers and freight for hire by steamboats between New York and various eastern ports. It appeared that in December, 1863, by order of the board of directors, three steamboats of the company were sold for $750,000, and in December, 1865, the proceeds of the sales were divided among the stockholders of the company, and the defendant, Drew, received for his share an amount much larger than the plaintiff's judgment against the company.

*Charles Jones* for the appellant. Defendant's motion to dismiss the complaint should have been granted. (2 R. S., 173, §§ 38, 39; *Catlin* v. *Doughty*, 12 How., 457; Code of Pro., chap. 2, tit. 9; 2 Barb. Ch. Pr., 149.) The property plaintiff desires to follow came to defendant by virtue of a legal dividend and he is entitled to keep it. (*Le Roy* v. *Globe Ins. Co.*, 2 Edw. Ch., 657.) The dividend could only be recovered back by a legally appointed receiver. (*Osgood* v. *Laytin*, 3 Abb. Ct. Apps., 418.)

*Edward P. Cowles* for the respondent. The capital stock of a corporation is primarily liable for the payment of its debts, and it cannot be distributed among its stockholders leaving the creditors unpaid. (2 Kent Com., 307; 2 Story Eq. Jur., 1252; *Curran* v. *State of Arkansas*, 15 How. [U. S.], 528.)

REYNOLDS, C. It is insisted by the defendant, Drew, that the plaintiff can maintain no action against him alone, but that she must prosecute not only all the stockholders, to the end that each shall contribute his proportion to the payment of her debt, but her suit must be brought on her own behalf and on behalf of all the other creditors of the corporation who may choose to come in. In other words, in order to col-

lect her debt against the company, she must institute a suit
to wind up and finally settle all its affairs. That she *might* do
this is not to be doubted, but that she of necessity *must*
do it presents a different question. Prior to the distribution
of the assets of the corporation, due notice of the plain-
tiff's claim was given, and redress demanded, and the dis-
tribution was made with knowledge of the plaintiff's claim,
and the corporation has no assets or property which can be
taken on execution.

We are of the opinion that the plaintiff's right of action
rests upon a very plain principle of equity. This is not a
proceeding to dissolve and wind up the affairs of a corpora-
tion, or to marshal its assets, but the ordinary proceeding to
collect a debt from a debtor unwilling to pay. The circum-
stance that the debtor is a foreign corporation, or that the
defendant, Drew, was its president, director or stockholder, is
quite immaterial, if it be found that Drew has any of the
assets or property of the corporation which ought to be
applied in payment of its debts. It is equally immaterial,
whether he got it by fair agreement with his associates,
or by any wrongful act. If the law dooms it to the pay-
ment of the debts of the corporation, it may be taken in
some form by the creditor. It is a very plain proposition
that the stock and property of every corporation is to be
regarded as a trust fund for the payment of its debts, and its
creditors have a lien and the right to priority of payment
over any stockholder. (2 Story Eq. Jur., § 1252.) Where
stock and property has been divided between stockholders
before all the debts of the corporation have been discharged,
if any one stockholder is compelled to pay more than his
fair share of any unpaid debt he may resort to his associates
for equitable contribution; but with that proceeding the cred-
itor has nothing to do, unless he chooses to intervene to settle
equities that may exist between his debtors. In the present
case the corporation was proceeded against as an ordinary
debtor, either unwilling or unable to pay. It turned out,
that it had no property which could be taken on execution;

but it was found that the defendant, Drew, had a large amount of the assets in his possession, which belonged to the corporation when the plaintiff's demand accrued, and some portion of which should have been applied in discharge of its obligation to the plaintiff. As before suggested, it does not matter how it came to the possession of the defendant, Drew. It is enough that he had it, and it was so much of the assets of the corporation as ought to be devoted to the payment of the debts of the company, and his claim as a stockholder could not prevail over the creditor's prior right. (*Curran* v. *State of Arkansas*, 15 How. [U. S.], 305; *Tinkham* v. *Borst*, 31 Barb., 407, 412; 2 Kent Com., 307; 2 Story Eq. Jur., § 1252.) This view of the case renders the consideration of several questions argued by the learned counsel for the defendant, Drew, in respect to parties and the form of proceeding, quite unnecessary. We are referred, however, to two cases in Massachusetts, of which a word may be said. (*Vose* v. *Grant*, 15 Mass., 505; *Spear* v. *Grant*, 16 id., 9.) They were both actions on the case at common law, by the bill-holder and creditor of a bank, whose charter had expired and assets distributed, against a stockholder who had received a portion thereof. The action proceeded entirely upon the theory that the distribution was wrongful before all the debts of the corporation were paid; and that, for this alleged wrong, an action on the case at common law might be maintained by a creditor against each stockholder who had profited by the wrongful division. After a very elaborate consideration by the court, the right of action was denied, and whether properly or improperly does not affect the present case. The Supreme Judicial Court of Massachusetts had at that time no equity jurisdiction, and this circumstance was lamented by JACKSON, J., in delivering the opinion of the court in the case first cited. Whether the apparent hardship of that case, or possibly of many others, had any influence, it is certain that, soon after, the law-making power of the State conferred upon the court equity jurisdiction. With the nice distinction between law and equity we are not troubled in this case, nor

even as to the form of the action. The plaintiff is a creditor of the New Jersey Steam Navigation Company for the amount of a judgment duly obtained. The company has no property in this State that can be taken on execution. The defendant, Drew, is found to be in possession of assets of the dissolved or insolvent corporation more than sufficient to pay the plaintiff her demand, and the law requires that he should pay it.

The judgment below should be affirmed, with costs.

All concur.

Judgment affirmed.