HECTOR McLEAN, as Assignee, etc., Appellant, v. JOSEPH A. EASTMAN and others, Executors of JOSEPH FIELD, Respondents.

*When the assignee in bankruptcy of an insolvent bank cannot recover from a stockholder a dividend paid to him when it was insolvent—the lien of a creditor upon the assets of an insolvent corporation is only enforceable in equity.*

This action was brought by the plaintiff, as the assignee in bankruptcy of an insolvent banking association, organized under the general act of 1838 (ch. 260), to recover the sum of $400, paid to the defendant's testator, a stockholder of the bank, as a dividend upon his stock, on the ground that at the time it was paid the bank was insolvent. It was conceded that, at the time the dividend was paid, neither the testator nor the officers of the bank knew that it was insolvent, unless they were chargeable in law with

such knowledge by reason of their respective positions as a stockholder therein and as officers thereof.

*Held*, that the action could not be maintained.

The lien of the creditors of an insolvent corporation upon its assets in the hands of its stockholders, or of other persons, is a purely equitable one, and can only be enforced in an equitable proceeding.

The provisions of the Revised Statutes relating to moneyed corporations do not apply to banking associations organized under the general act of 1838.

APPEAL from a judgment of the Monroe County Court, entered upon an order dismissing the complaint.

This action was commenced in the Monroe County Court against Joseph Field, in his lifetime, to recover $400 and interest thereon, as an illegal dividend paid to him by the Farmers' & Mechanics' Bank. Pending the action Field died, and the suit was revived and continued against his executors.

*J. Van Voorhis* and *J. C. Cochrane*, for the appellant. It is immaterial whether Field got this money in good faith or not. The assets of a corporation are a trust fund for the payment of its debts, and its creditors have a lien thereon, and the right to priority of payment over its stockholders. (*Bartlett* v. *Drew*, 57 N. Y., 587; *Osgood* v. *Laytin*, 3 Keyes, 531; *Van Cott* v. *Van Brunt*, 2 Abb. N. C., 283; *Gratz* v. *Reed*, 4 B. Mon., 178; *Curran* v. *State of Ark.*, 15 How., 304; *Sawyer* v. *Hoag*, 17 Wall., 610; Green's Brice's Ultra Vires, 139; *Wickham* v. *Frazer*, 13 Hun, 431; *Wood* v. *Dummer*, 3 Mason, 308; *Vose* v. *Grant*, 15 Mass., 517–522; *Spear* v. *Grant*, 16 Mass., 15; *Curran* v. *Arkansas*, 15 How. U. S., 304; *Read* v. *Eatonton Co.*, 40 Ga., 98-104; *Bank of St. Mary's* v. *St. John's*, 25 Ala., 566; *Upton Cases*, 6 Otto, 45–56, 64, 65; *Same Cases*, 13 B. R., 49–174–226.) Field, being a stockholder, is a privy of the corporation, and chargeable with knowledge of its condition and affairs. (Thompson's Liability of Stockholders, §§ 329, n., 18, 19; *Merrill* v. *Suffolk Bank*, 31 Me., 57; *Came* v. *Brigham*, 39 Me., 35; *Milliken* v. *Whitehouse*, 49 Me., 525; *Slee* v. *Bloom*, 20 Johns., 669; *Moss* v. *Oakley*, 2 Hill, 265; *Belmont* v. *Coleman*, 1 Bosw., 188; *Donworth* v. *Coolbaugh*, 5 Iowa, 300; *Wilson* v. *Plattsburgh Coal Co.*, 43 Pa. St., 434; *Grand* v. *Tucker*, 5 Kans., 70; *Lawrence* v. *Nelson*, 21 N.

Y., 158; *Sawyer* v. *Hoag*, 17 Wall., 623.) The statute prohibits any dividend by a moneyed corporation, except out of "surplus profits" arising from its business. (1 Edm. R. S., 547; *Casserly* v. *Münners*, 9 Hun, 695.) This statute expressly applies to banks. (1 Edm. R. S., 555, § 51.) Such dividend is also prohibited by another statute. (1 Edm. R. S., 558, § 2.)

*Theodore Bacon*, for the respondents.

SMITH, J. :

This is an action by the assignee in bankruptcy of the Farmer's and Mechanics' Bank of Rochester, an insolvent banking association organized under the general banking act of this State, passed in 1838, to recover the sum of $400, which was paid by said bank to Joseph Field, the defendant's testator, a stockholder of such association, as a dividend upon his stock. The facts upon which the plaintiff puts his right to recover are, that at the time when the dividend was made, the bank had earned no profits out of which a dividend could be made, and was, in fact, insolvent. These facts were conceded at the trial, by a stipulation between the parties, and it was also conceded that such condition of the bank was unknown to the testator, Field, (unless he is chargeable in law with such knowledge by reason of his position as stockholder), and that he received his dividend in good faith, supposing it had been earned. Also, that the officers of the bank were not then aware of its insolvent condition, unless chargeable in law with such knowledge by reason of their position as officers of the bank. The plaintiff was nonsuited in the court below.

The appellant contends that he has the right to reach the money in the hands of the defendants as a part of the assets of the bank applicable to the payment of its debts, upon the principle that the assets of a corporation are a trust fund for the payment of its debts, and its creditors have a lien thereon, and the right to priority of payment over its stockholders. But the lien of creditors of an insolvent corporation upon its assets in the hands of others (independently of rights given by statute), is a purely equitable lien, and can only be enforced in an equitable proceeding. The cases of

*Bartlett* v. *Drew* (57 N. Y., 587), *Osgood* v. *Laytin* (3 Keyes, 521), and *Van Cott* v. *Van Brunt* (2 Abb. N. C., 283), cited by the appellant, were actions in equity. In the case of *Bartlett*, the action was in the nature of a creditor's bill, brought by a single judgment creditor, after the return of an execution unsatisfied, to reach a sum received by a stockholder of a corporation, on a division of its assets before all its debts were paid. The action could not have been maintained if there had been an adequate remedy at law. The present action is what would have been termed an action for money had and received, under the system of pleading which was superseded by the Code of Procedure. The only relief sought is the recovery of the specific sum of money which was paid by the bank to the defendant's testator. The difficulty in the way of recovering it in a strictly legal action is that, as between the bank and the stockholder, the payment was made in good faith, according to the conceded facts, and the stockholder acquired a valid title to the money, as against the bank. A court of law cannot go beyond the parties to the transaction, and treat the payee as the recipient of moneys in trust for the benefit of the creditors of the bank. It is not alleged in the complaint, nor does the scope of the action permit an inquiry, as to whether the creditors represented by the assignee were creditors at the time of the transaction ; and if not, they have no interest in the money sought to be recovered. The inadequacy of a court of law to give relief in such a case was forcibly commented on in *Vose* v. *Grant* (15 Mass., 505), and *Spear* v. *Grant* (16 Id., 9). See the opinion of REYNOLDS, C., in *Bartlett* v. *Drew, supra,* 590.

We are not aware of any statute upon which the present action can be maintained. It was held by the Court of Appeals in *Leavitt* v *Blatchford* (17 N. Y., 521), that the provisions of the Revised Statutes relating to moneyed corporations do not apply to banking associations organized under the general banking law of 1838 (Op. of HARRIS, J., p. 535). The several statutes cited by the appellant's counsel are within that category, and do not apply to the case. They are 1 R. S., 589, § 1 ; Id., 598, § 51 ; Id., 601, § 2. The case of *Casserly* v. *Manners* (9 Hun, 695), cited by the appellant's counsel, was that of a fire insurance company, organized under the

general act for the incorporation of insurance companies (Laws of 1849, ch. 308), the seventeenth section of which provides that all companies formed under the act shall be deemed bodies corporate, and shall be subject to all the provisions of the Revised Statutes in relation to corporations, so far as they are applicable.

On the whole, we are of the opinion that the case was properly disposed of in the County Court, and that the judgment should be affirmed.

TALCOTT, P. J., and HARDIN, J., concurred.

Judgment affirmed.