DARCY v. BROOKLYN & N. Y. FERRY CO. et al.

(Supreme Court, Appellate Division, Second Department.   June 18, 1908.)

1. CORPORATIONS—OFFICERS AND AGENTS—LIABILITY FOR CORPORATE DEBTS AND ACTS.

The directors of a corporation could not discharge their duty to pay a creditor of the corporation by securing from one to whom they transferred all the corporate property an agreement to pay the debt.

2. SAME—CORPORATE PROPERTY—NATURE—TRUST FUND FOR PAYMENT OF DEBTS.

The property of a corporation is a trust fund in the hands of its directors for the payment of its debts; and they may not transfer the funds in disregard of their cestuis que trust, no matter how honest their motives.

3. SAME—PROCEEDINGS BY CREDITOR—LACHES.

Where the directors of a corporation transferred all its property to another corporation which agreed to pay the debts of the old concern, a creditor of the latter was not bound to look to the new company for payment of his claim, and could not be charged with laches in failing to proceed against it before it became insolvent.

Appeal from Special Term, Kings County.

Action by William Darcy against the Brooklyn & New York Ferry Company, Joseph J. O'Donohue, and others.   From a judgment for plaintiff, defendants O'Donohue and others appeal.   Affirmed.

Argued before WOODWARD, JENKS, RICH, MILLER, and GAYNOR, JJ.

John Delahunty, for appellants.
James C. Cropsey (Rufus O. Catlin, on the brief), for respondent.

MILLER, J.   This suit is brought under section 1781 et seq. of the Code of Civil Procedure by a judgment creditor of the Brooklyn & New York Ferry Company against its managing directors to recover the value of property of said corporation transferred by them in violation of their duties.   The plaintiff's judgment was recovered for personal injuries, and was founded upon a cause of action which arose July 2, 1897.   On the 22d day of August, 1898, the defendants transferred all of the property of the said corporation to the Brooklyn Ferry Company of New York, in consideration whereof said latter company delivered $6,000,000 of its bonds to H. B. Hollins & Co., the owner of all but a few shares of the stock of the said Brooklyn & New York Ferry Company.   The transaction was in effect a dissolution of said judgment debtor corporation and the distribution of its assets among its stockholders without making any provision whatever for the payment of its debts, at least so far as the plaintiff was concerned.   The said H. B. Hollins & Co. and the Brooklyn Ferry Company of New York agreed to assume the debts of the old company, but, of course, its creditors could not be compelled to accept a substituted debtor.   Said agreement operated to afford a measure of protection to the directors who could thus compel the new company to pay the debts of the old, but said directors could not thus discharge their obligation to the creditors of the old company.   Before distributing the assets of their corporation to its stockholders, they were re-

quired to pay its creditors, and that duty could not be discharged by getting an agreement from some one else to discharge it for them.

There is no question of fraud or bad faith in the case, and the appellants contend that for that reason the judgment cannot be supported. The cases cited on that head have no application. This case does not involve the right of a creditor to set aside a transfer for fraud, nor, indeed, the right of a creditor to enforce an equitable lien on the property of the corporation in the hands of third parties. The action is in equity against trustees to compel them to account for a breach of duty, and their motives and intent are wholly immaterial. The action could be maintained independently of the statute. That the property of a corporation is a trust fund in the hands of its directors for the payment of its debts has long been settled. Bartlett v. Drew, 57 N. Y. 587; Hastings v. Drew, 76 N. Y. 9; Cole v. M. I. Co., 133 N. Y. 164, 30 N. E. 847, 28 Am. St. Rep. 615; Hurd v. N. Y. & C. Steam Laundry Co., 167 N. Y. 89, 60 N. E. 327. Trustees may not transfer the funds in their hands in disregard of the rights of their cestuis que trustent, no matter how honest their motive.

It is found that at the time of the transfer of said property the defendants did not know of the plaintiff's claim. Nevertheless something should have been done to provide for unknown claims. We do not need to say in this case precisely what the defendants should have done, because they did nothing whatever except to protect themselves so far as they could by an agreement from the transferee. Section 2419 et seq. of the Code of Civil Procedure, prescribing what shall be done in proceedings for the voluntary dissolution of a corporation, may by analogy at least suggest how directors of a corporation may relieve themselves from liability upon transferring all the property of the corporation and distributing the avails without formally dissolving the corporation. Every known creditor must be given personal notice of the proceeding. All others receive notice by publication. Section 30 of the general corporation law (Laws 1890, c. 563, as amended by Laws 1892, p. 1811, c. 687) provides that upon the dissolution of a corporation its directors, unless other persons shall be appointed, shall be the trustees of its creditors and stockholders; and section 57 of the stock corporation law (Laws 1890, p. 1078, c. 564, as amended by Laws 1900, p. 1621, c. 760) provides for the voluntary dissolution of a stock corporation upon the consent of two-thirds of the stockholders at a meeting called for the purpose. Notice of such a meeting is required to be published as prescribed, as is also the copy of the certificate of the Secretary of State of the filing of the necessary papers, and the board of directors are required to wind up the affairs of the corporation and to apply its assets first in discharge of the debts and obligations of the corporation, and may only distribute the balance among the stockholders after "paying and adequately providing for the payment of such debts and obligations." It seems plain that the directors of a corporation may not distribute its assets among the stockholders, where the corporation is not formally dissolved, without at least giving the creditors some notice. Trustees are subject to the control of the court, and, of

course, may apply to the court for advice and instruction, and it would seem (though we do not need to decide this) that they might apply to the court for leave to distribute the trust fund, and that upon giving such notice as the court prescribed they might be permitted to do that without incurring personal liability. Whether directors may distribute the assets of a corporation among the stockholders, where the corporation is not dissolved, without rendering themselves personally liable to creditors, is a question which we do not have to decide, because it is plain that they cannot do that without at least applying to the court and giving notice of the proposed distribution.

It is urged that the plaintiff has been guilty of such laches as to defeat the action, that he should have proceeded against the new company on its agreement to assume the debts of the old company, and that, not having done so, he should not now be permitted, after the insolvency of the new company, to recover of the defendants. There is no evidence that the plaintiff had knowledge of said agreement, and, in any event, he was not bound to look to the new company. The plea of laches made by a trustee against his cestui que trust cannot be regarded with favor. The defendants, not the plaintiff, incurred the hazard of the insolvency of the new company, and cannot complain because the plaintiff did not proceed against them until he ascertained what they had done.

The judgment should be affirmed

Judgment affirmed, with costs. All concur.