### TEAGUE v. RIDGWAY CO. et al.

(Supreme Court, Appellate Division, First Department. June 9, 1911.)

1. ACTION (§ 50*)—JOINDER OF CAUSES.

   A complaint by a creditor of a corporation against its directors and against the purchaser of its assets to recover, on the theory that the proceeds have been distributed without payment of the judgment, does not improperly unite causes of action.

   [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 511–547; Dec. Dig. § 50.*]

2. CORPORATIONS (§ 547*)—PURCHASER OF ASSETS—LIABILITY—PLEADING.

   A complaint against the purchaser of the assets of a corporation by a judgment creditor of the corporation to recover on the judgment is insufficient, where it fails to charge that the purchaser knew of plaintiff's claim, or was concerned in any fraudulent attempt to injure him, or that the purchaser did not pay value for the assets.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2178–2181; Dec. Dig. § 547.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Merrill A. Teague against the Ridgway Company and others. From orders directing judgment for plaintiff and denying leave to serve a proposed answer, defendants appeal. First order partly affirmed and partly reversed, and motion denied; second order affirmed.

See, also, 130 N. Y. Supp. 86.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

James B. Sheehan, for appellants.
Edmund F. Harding, for respondent.

SCOTT, J. Appeal by defendants the Ridgway Company, E. J. Ridgway, and George W. Wilder from two orders, one granting plaintiff's motion for judgment upon the pleadings, thus virtually overruling appellants' demurrers, and the other refusing the appellants leave to serve answers.

The three appellants demurred separately, serving identical demurrers. The plaintiff moved for judgment upon the pleadings as against them. This motion was granted, the order containing the following clause:

"Ordered that the defendants may within 10 days from date submit proofs by affidavit of a meritorious defense."

The defendants thereupon submitted a proposed joint answer, accompanied by an affidavit of their attorney. The proposed answer is verified by the secretary and treasurer of the Ridgway Company, and is based wholly on information and belief. The affidavit of the attorney does not go to the merits.

The complaint is modeled after that in Darcy v. Brooklyn & New York Ferry Co., 127 App. Div. 167, 111 N. Y. Supp. 514; Id., 196 N. Y. 102, 89 N. E. 461, 26 L. R. A. (N. S.) 267, 134 Am. St. Rep. 827. The plaintiff is a judgment creditor of a corporation known as the Ridgway-Thayer Company, and the purpose of the action is to recover from the individual appellants, and another, who were directors of said corporation, the amount of plaintiff's judgment, on the ground that said directors sold all the assets of said corporation to the defendant Ridgway Company, and have distributed the proceeds among the stockholders of said Ridgway-Thayer Company without paying or providing for plaintiff's claim. The demurrers are upon the ground, first, that as to each demurrant the complaints fail to state facts sufficient to constitute a cause of action; and, second, that causes of action are improperly united.

[1, 2] In the second ground of demurrer we find no merit, but so far as concerns the Ridgway Company the demurrer for general insufficiency is well taken. The complaint contains no allegation sufficient to charge it with liability for the debts of the Ridgway-Thayer Company. It is not alleged that it knew of plaintiff's claim, or was concerned with any fraudulent attempt to injure him, nor that it did not pay value for the assets transferred to it. As to the other appellants the complaint contains all the allegations necessary to hold them

under the case above cited. The answer which the defendants sought to interpose contained no defense available to the appellants Ridgway and Wilder. It appears, upon a casual reading, to contain a number of denials; but a more careful scrutiny shows that every essential allegation of the complaint remains admitted. The counterclaims attempted to be pleaded by way of offset might be available to the Ridgway Company, if the action were allowed to proceed against it, but are not available to the defendants Ridgway and Wilder.

It follows that as to the appellants Ridgway and Wilder the order for judgment upon the pleadings must be affirmed, but as to the appellant Ridgway Company it must be reversed, and the motion for judgment denied. The order denying appellants' motion for leave to serve the proposed answer is affirmed, with $10 costs and disbursements against the appellants Ridgway and Wilder. All concur.