CITY OF NEW YORK v. EPPINGER & RUSSELL CO.

(Supreme Court, Appellate Division, First Department. December 30, 1915.)

CORPORATIONS ☞580—TRANSFERRING ASSETS—NEW CORPORATION—LIABILITY.
    Where the officers of a corporation, against which plaintiff had a cause of action, transferred all its assets, with knowledge of plaintiff's claim, to a new corporation of the same name and composed of substantially the same stockholders, after which the old corporation was dissolved, a complaint in an action against the new corporation was demurrable, in the absence of allegation of knowledge thereof on its part, or fraud, or failure to pay value for such assets.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2319-2321; Dec. Dig. ☞580.]

Appeal from Special Term, New York County.

Action by the City of New York against the Eppinger & Russell Company. From an order denying its motion for judgment on the pleadings, defendant appeals. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, DOWLING, and SMITH, JJ.

Safford A. Crummey, of New York City, for appellant.

Lamar Hardy, Corp. Counsel, of New York City (Charles J. Nehrbas, of New York City, of counsel, and Terence Farley and Joseph Quittner, both of New York City, on the brief), for respondent.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

CLARKE, J.   The city of New York alleges for a first cause of action in its complaint: That the Eppinger & Russell Company (hereinafter designated as the defendant) is a domestic corporation with a place of business in the borough of Manhattan.   That the Eppinger & Russell Company (hereinafter designated as the old company) was a domestic corporation, with a place of business in Long Island City and also in the borough of Manhattan.   That on or about the 19th of November, 1902, plaintiff duly commenced an action against the old company in the Supreme Court.   That on July 10, 1906, judgment was rendered and duly filed and entered against said old company in favor of the city for the sum of $739.49, and the amount of said judgment remains wholly unpaid.   That on or about August 4, 1906, an execution upon said judgment was duly issued to the sheriff of the county and returned by said sheriff wholly unsatisfied.   That after the accrual of the cause of action in which judgment was awarded said old company transferred all its property, both real and personal, to the defendant herein, which said property is now held by the defendant herein, and that no part or portion of the assets of said old company was reserved to pay the above mentioned demand or claim of the plaintiff.   That the assets of the old company were more than enough to pay all the debts and liabilities due and owing to the creditors of the old company, including the claim or demand of this plaintiff.   That thereafter, and on or about the 25th day of March, 1907, said old company was dissolved.   That the defendant was organized and incorporated after the plaintiff's cause of action accrued, and the stock of the defendant was issued substantially to the same persons who owned the stock of the said old company.   That the officers of the said old company, at the time of the transfer by it to the defendant of all the old company's assets and property, well knew of the existence of plaintiff's said claim.   That there is no property, real or personal, of said old company out of which plaintiff's judgment could be paid, other than that transferred to defendant as aforesaid.   For a second cause of action, similar allegations are made in regard to an action brought September 30, 1903, in which judgment was obtained July 14, 1905, for $697.07.

The answer admits certain allegations and denies others.   It also alleges that the complaint does not state facts sufficient to constitute a cause of action.   The defendant thereupon moved for judgment on the pleadings, which motion was denied, and the defendant appeals.

The learned court based its decision upon Darcy v. Brooklyn & New York Ferry Company, 127 App. Div. 167, 111 N. Y. Supp. 514, affirmed 196 N. Y. 99, 89 N. E. 461, 26 L. R. A. (N. S.) 267, 134 Am. St. Rep. 827.   That case is clearly distinguishable   It was an action brought under section 1781 et seq. of the Code of Civil Procedure by a judgment creditor of the Brooklyn & New York Ferry Company against its managing directors to recover the value of property of said corporation transferred by them in violation of their duties.   The action was in equity to compel them as trustees to account for their breach of duty.   It was not against the company to which the assets of the judgment debtor company had been transferred.   But in Teague

v. Ridgway Company, 145 App. Div. 277, 130 N. Y. Supp. 84, the plaintiff, a judgment creditor of the Ridgway-Thayer Company sued it, its directors, and the Ridgway Company. The Ridgway Company demurred, and a motion by the plaintiff for judgment on the pleadings was granted. On appeal, Mr. Justice Scott said:

"The complaint is modeled after that in Darcy v. Brooklyn & New York Ferry Co., 127 App. Div. 167 [111 N. Y. Supp. 514]; Id., 196 N. Y. 99 [89 N. E. 461, 26 L. R. A. (N. S.) 267, 134 Am. St. Rep. 827]. The plaintiff is a judgment creditor of a corporation known as the Ridgway-Thayer Company, and the purpose of the action is to recover from the individual appellants, and another, who were directors of said corporation, the amount of the plaintiff's judgment, on the ground that said directors sold all the assets of said corporation to the defendant Ridgway Company, and have distributed the proceeds among the stockholders of said Ridgway-Thayer Company without paying or providing for plaintiff's claim. * * * So far as concerns the Ridgway Company the demurrer for general insufficiency is well taken. The complaint contains no allegation sufficient to charge it with liability for the debts of the Ridgway-Thayer Company. It is not alleged that it knew of plaintiff's claim, or was concerned with any fraudulent attempt to injure him, nor that it did not pay value for the assets transferred to it. * * * It follows * * * the order for judgment upon the pleadings * * * as to the appellant Ridgway Company must be reversed, and the motion for judgment denied."

We regard that decision as conclusive upon this appeal. The complaint states no cause of action against the defendant, the new company. There is no allegation that it knew anything of the plaintiff's claim, there is no allegation of fraud, and there are no facts stated which make it responsible for the judgment obtained against the old company.

The order appealed from should therefore be reversed, with $10 costs and disbursements to the appellant, and the motion for judgment on the pleadings granted, with $10 costs. All concur.