LOUISE GEORGIADES, Appellant, *v.* SUNSET FRUIT PRODUCTS CORPORATION and Others, Respondents. ·

First Department, January 13, 1933.

*Louis Joffe* of counsel [*Joffe & Joffe*, attorneys], for the appellant.

*Maxwell Cohen* of counsel [*Cohen Brothers*, attorneys], for the respondents.

MARTIN, J. This action was brought against the corporate defendant and certain individual defendants who had been officers, directors and stockholders of a corporation known as the Union

Glace Fruit Co., Inc., because of an attempted dissolution of that corporation by means of the transfer of all its assets.

The plaintiff, as a judgment creditor of the Union Glace Fruit Co., Inc., asks for an accounting by the defendants of the property transferred to the corporate defendant; that the judgment be paid by them; that a receiver of the transferred property be appointed, and that the defendants be restrained from disposing of any of the property so transferred.

At the close of the entire case the trial court dismissed the complaint upon the ground that plaintiff had failed to make out a cause of action. From that judgment the plaintiff appeals.

On October 22, 1928, the plaintiff commenced an action against the Union Glace Fruit Co., Inc., in the Supreme Court, New York county, to recover damages because of unfair competition. On August 1, 1930, after an interlocutory judgment had been entered in favor of the plaintiff and while proceedings to assess damages were in progress, the transfer of all the assets of the Union Glace Fruit Co., Inc., was effected. Final judgment in the sum of $1,957.59 was entered against that corporation in favor of the plaintiff on July 2, 1931. The judgment remains wholly unpaid.

At the time of the transfer of the assets of the Union Glace Fruit Co., Inc., the individual defendants were the officers, directors and stockholders thereof and they knew of the existence of the plaintiff's claim. The transfer was effected by means of a merger of the Union Glace Fruit Co., Inc., and another corporation known as the Ideal Dainties, Inc., through the formation of a third corporation, the corporate defendant. The agreement of merger is set forth in the record as an exhibit.

By that agreement all the assets of the two corporations were transferred to the new corporation, the Sunset Fruit Products Corporation, which in turn assumed all the obligations of the Union Glace Fruit Co., Inc., except its obligation to the plaintiff. The defendant Sunset Fruit Products Corporation issued fifty per cent of the class A preferred stock to the defendant Tashjian, because of moneys due him from the Union Glace Fruit Co., Inc., and another fifty per cent of the class B preferred stock to the defendant Tashjian, for all indebtedness, moneys due to him and to the other stockholders, officers and directors of the Union Glace Fruit Co., Inc., from the said corporation.

In payment for the assets of the Union Glace Fruit Co., Inc., the defendant Sunset Fruit Products Corporation issued stock to the stockholders of the Union Glace Fruit Co., Inc., in accordance with paragraph 9 of the merger agreement, which provided as follows: " 9. The new corporation agrees to pay to the stock-

holders of the Union Corporation for their net assets Class B stock in the sum of Three Thousand One Hundred ($3,100) Dollars in addition to fifty per cent (50%) of the common stock."

The stockholders of the Union Glace Fruit Co., Inc., deposited the stock they received from the corporate defendant with an attorney, as security to the new corporation for the payment by the corporate defendant of any judgment recovered by the plaintiff against the Union Glace Fruit Co., Inc. The agreement under which this stock was held provided: " The said Isidor Block shall retain said stock until such judgment, damages and costs are fully paid, and upon payment of said judgment said stock shall be turned over to the persons entitled thereto. If the new corporation to be formed shall ultimately pay the said judgment it is agreed that the said stock shall be placed upon sale, at a public or private auction, and said stock shall be offered for sale, and the moneys realized therefrom shall be first used to reimburse the new corporation, and the balance to be turned over to the owners of said stock."

The assets of the Union Glace Fruit Co., Inc., transferred, as stated in a signed statement attached to the agreement of merger, amounted to $13,364.59 and the liabilities were $6,204.33, leaving a net worth of $7,160.26. This statement does not set forth a liability to the officers of the corporation amounting to $9,100 and fails to carry the plaintiff's claim as a liability. The plaintiff contends that, without the item involved herein, the Union Glace Fruit Co., Inc., was insolvent at the time of the transfer; that, for three months prior to the transfer, that corporation failed to pay rent under a written lease. It is also contended that the Union Glace Fruit Co., Inc., was never properly dissolved for the reason that there was a failure to comply with the merger or consolidation statutes of this State.

The plaintiff claims that she is entitled to judgment against all the defendants; that the fact that the corporation taking the assets agreed to assume and pay all the debts of the old corporation is immaterial in view of the fact that it paid for the assets by stocks which were distributed among the stockholders. The new corporation having participated in the transaction with knowledge makes it also liable to the plaintiff. Plaintiff further claims that if the Union Glace Fruit Co., Inc., was insolvent at the time of the transfer, she should be permitted to recover at least a *pro rata* share of the assets transferred which should have been applied to the payment of debts; that a mathematical calculation based upon the figures of the defendants shows that the plaintiff is entitled to at least $1,521.40.

The defendants, respondents, contend that the evidence shows

that there was an entire absence of fraudulent intent on their part; that they were moved by a desire to preserve the assets or the fair equivalent thereof for the protection of the plaintiff, appellant; that the consideration paid by the defendant corporation was adequate and was held for the plaintiff's benefit; that the old corporation would have collapsed but for the purchase of its assets by the corporate defendant; that the individual defendants did not obtain any preference over any of the other creditors of the old company since all the stock is subject to the determination and payment of the plaintiff's claim, which at the time of the transfer was unascertainable.

A creditor is not required to take stock in a new corporation in payment of a debt. The assets are for that purpose and may not be transferred to some other company and thus defeat the rights of the creditor.

In *Singer* v. *Aquitania Realty Corporation* (137 Misc. 295; affd., 232 App. Div. 744) the plaintiff was permitted to recover in an action brought against the directors, officers and stockholders of a corporation whose assets were transferred while an action to recover damages for negligence was pending against the corporation. The trial court said: " The complaint asks relief against the defendants, Samuel Beck, William Glatzer, Edward Unterman and Irving Wortman, as directors of the corporation, for their unlawful acts, and against Samuel Beck, Edward Unterman, Irving Wortman and Sigmund Glatzer as fraudulent transferees of the money and property of the corporation. They divested the corporation of its entire property without any of the forms required by law. The fact that the corporation carried liability insurance is no excuse. It has turned out to be inadequate, and the individual defendants have possessed themselves of all of the assets and funds of the corporation.

" It was not necessary that plaintiff should have been a judgment creditor at the time of the transfer of the property. (*Caesar* v. *Bernard*, 156 App. Div. 724; affd., 209 N. Y. 570.) Under section 15 of the Stock Corporation Law of 1923 (Laws of 1923, chap. 787),* the transfer of assets of the corporation by the directors of the corporation to themselves and others who took with notice was absolutely void as against the plaintiff."

In *Darcy* v. *Brooklyn & New York Ferry Co.* (127 App. Div. 167) the plaintiff commenced a personal injury action against a corporation and while it was pending the officers, directors and stockholders transferred all its assets to another corporation which gave its bonds to the stockholders of the old corporation for the assets.

---

* Since amd. by Laws of 1929, chap. 653.— [REP.

After recovering judgment against the corporation the plaintiff sued the officers, directors and stockholders in equity and recovered judgment. The Appellate Division (127 App. Div. 167) affirmed the judgment. The judgment was later affirmed by the Court of Appeals (196 N. Y. 99). In an opinion Judge BARTLETT said: " The narrative of the transaction leaves no doubt that what the directors of the Brooklyn and New York Ferry Company sought to bring about was a voluntary dissolution of the corporation and the distribution of its assets without taking the steps to that end which are prescribed by law."

The court also said: " It is true that there is no allegation or finding of fraud; but there is evidence that the officers of the company had knowledge of the injury to the plaintiff which was the basis of his claim. The liability of the directors is predicated not on the ground that their action in making the transfer was fraudulent but upon the proposition that it is a violation of duty on the part of the directors of a corporation to divest it of all its property without affording a · reasonable opportunity to its creditors to present and enforce their claims before the transfer shall become effective."

In further elaborating upon the law the court said: " The assets of a corporation constitute a trust fund for the payment of its debts. (*Bartlett* v. *Drew*, 57 N. Y. 587.) A creditor cannot be deprived of his equitable lien thereon by an agreement between the corporation and a transferee of the property that the latter shall assume and pay all the corporate debts. The consent of the creditor to accept the substituted debtor is essential to make such an agreement valid as against him. Hence the fact that the Brooklyn Ferry Company of New York agreed with the Brooklyn and New York Ferry Company to assume all the debts of the latter did not justify the directors of the selling corporation in disposing of its assets without making some other provision for the payment of its creditors. The plaintiff was left in the position of the creditor so aptly described by WERNER, J., in *Hurd* v. *N. Y. & C. Steam Laundry Co.* (167 N. Y. 89, 95): ' When he demands payment of his claim, he is referred to the empty shell which is all that is left of the live corporation whose tangible assets constituted a trust fund for the payment of his debt at the time of its creation.' "

Adequate provision for the protection of all the creditors should have been made when the assets were transferred. Proof of good faith in carrying out the transaction does not constitute a defense.

The method pursued by the officers and directors of the Union Glace Fruit Co., Inc., in merging with the Ideal Dainties, Inc., and forming a new corporation was not in accordance with the law

regulating the dissolution of corporations, nor a substantial compliance therewith. There is no obligation upon the plaintiff to accept such a merger, and thereby lose all protection given by law prior to the date that this merger was consummated. The assets of the corporation were for the protection of its creditors and should have been applied to that purpose. The rights of the respective parties may be adjusted upon a new trial.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

FINCH, P. J., MERRELL, O'MALLEY and TOWNLEY, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.