In the Matter of LEHRER-HOWARD, INC.

Supreme Court, Special Term, New York County, October 26, 1943.

*Gerald G. Schwartz* for liquidating trustees.

*Nathaniel L. Goldstein, Attorney-General (Harry Zankel* of counsel), for State Industrial Commission.

NULL, J. The question to be determined on this motion is the validity of the claim to priority in the payment of an assessment by the State of New York against the corporation in dissolution, Lehrer-Howard, Inc., for unemployment insurance contributions owed by its predecessor, Fred F. Lehrer, Inc., pursuant to article 18 of the Labor Law.

The facts are not in dispute. On the day following the incorporation of Lehrer-Howard, Inc., there were transferred to it all the assets of Fred F. Lehrer, Inc., a New York corporation, which thereafter had no further business existence. Additional capital was contributed to the new corporation by new interests but for all practical purposes Lehrer-Howard, Inc., succeeded to and carried on the business of Fred F. Lehrer, Inc., without any interruption to the continuity of its affairs. At the same time, the payment of all the liabilities of Fred F. Lehrer, Inc., was expressly assumed by Lehrer-Howard, Inc. Subsequently, the latter paid many of these obligations.

Among the liabilities assumed and carried over in its own books of account was the debt then owed by Fred F. Lehrer, Inc., to the State of New York for unemployment insurance contributions which had accrued and become due prior to the date of the transfer to Lehrer-Howard, Inc. It is the amount of this indebtedness which was assessed against Lehrer-Howard, Inc., and which the State of New York claims is entitled to priority of payment.

The court is of the opinion that the propriety of the assessment is not open to question. The new corporation acquired the assets and good will of the old. It adopted the obligations of the latter as its own, including, with full knowledge of all the circumstances, the indebtedness to the State of New York. Accordingly, the assets which were transferred to it constituted

a trust fund available for the payment of the debts of Fred F. Lehrer Co., Inc., at the time of the transfer. (*Hurd* v. *New York and Commercial Steam Laundry Co.*, 167 N. Y. 89; *Georgiades* v. *Sunset Fruit Products Corp.*, 237 App. Div. 357.)

It has been urged, nevertheless, that the right of the State to priority in the payment of a claim for unpaid unemployment contributions is limited to the contingencies set forth in subdivision 6 of section 522 of the Labor Law, which contains no provision for priority upon a mere transfer of assets, as in the instant case.

Having determined, however, the validity of the indebtedness to the State of New York, its priority of payment must follow as a matter of course. The original debt was one resulting from the failure to pay unemployment contributions which, although not so denominated, are taxes. (*Chamberlin, Inc.* v. *Andrews*, 271 N. Y. 1.)

In assuming this debt, Lehrer-Howard, Inc., undertook the payment of an obligation, which, like all tax obligations, was affected with the right of priority of payment, not subject to dissipation by the processes of assignment.

There are broader considerations which are more compelling. Moneys due to the State in its sovereign capacity are inherently endowed with the characteristics of priority. In the absence of specific provision to the contrary, the prerogative right of priority may not be restricted or abridged.

In *Marshall* v. *New York* (254 U. S. 380) the United States Supreme Court declared at page 382 of its opinion: " At common law the crown of Great Britain, by virtue of a prerogative right, had priority over all subjects for the payment out of a debtor's property of all debts due it. The priority was effective alike whether the property remained in the hands of the debtor, or had been placed in the possession of a third person, or was in *custodia legis*."

And, at pages 383–384: " This priority arose and exists independently of any statute. The legislature has never, in terms, limited its scope; and the courts have rejected as unsound every contention made that some statute before them for construction had, by implication, effected a repeal or abridgement of the priority. The only changes of the right made by statute have been by way of enlarging its scope in certain cases."

In *Matter of Carnegie Trust Co.* (151 App. Div. 606, affd. 206 N. Y. 390) it was held that the State's common-law right to priority was applicable to a general deposit of State funds in a bank. In that case, the Appellate Division said, at page 611:

" If the right of the State to a priority of payment over unsecured creditors is acknowledged as to taxes, as it must be in this State, it is not easy to see how, upon any logical ground that right can be denied as to indebtedness arising out of the loss of the State funds after they have been collected. They both rest upon the same footing. The claim of the State in either case rests upon no private right, but upon the right of all the people. The money is necessary and vital to the existence of the government and the carrying on of the governmental functions, and as the right of the public is always paramount to that of the individual, so its right to collect and to recover public funds must be held to be paramount. * * *

" It is suggested by the respondent that because the Banking Law fails to provide that the State shall be entitled to priority of payment, the State should be deemed to have relinquished its prerogative right. What is more to the point is that the Banking Law has not declared that the State shall *not* have priority."

The omission of any specific provision in the statutes to grant the State priority of payment of a claim originating under article 18 of the Labor Law cannot strip the State of its common-law right to be preferred over all general creditors in the payment of any debts due to it. Whether considered as a claim resulting from a tax indebtedness or as a mere debt, in the absence of express statutory enactment to the contrary, the claim of the State of New York is entitled to priority.

The motion to expunge the claim of the State of New York is denied and the report of the referee is in all respects confirmed. Submit order.