Murray T. Feiden, J.
This is a motion to settle the account of the assignee for the benefit of creditors and for related relief. The Department of Finance of the City of New York and the Industrial Commissioner for New York State unemployment insurance taxes seek an order directing the assignee to pay the tax claims of aforesaid governmental agencies before paying-claims of customer depositors.
Section 574 of the Labor Law provides for priority of State and city taxes, on a parity basis, over all other claims except taxes due the United States and wages. Section 22 of the Debtor and Creditor Law of the State of New York, as amended 1963, provides for a preference in payment of customer deposits not exceeding $300 where such deposits were made within six months before the execution of the assignment, said claims to be preferred before “ any other debt ” except wages.
The issue before this court is whether or not the words ‘ ‘ any other debt ” encompass State or city taxes. The present wording of the Debtor and Creditor Law, if broadly interpreted, would be inconsistent with the Labor Law. At the very least, a doubt is raised as to the intent of the Debtor and Creditor Law. Where the purpose of a statute is in doubt, it is a canon of construction that a sovereign authority is presumptively not intended to be bound by its own statute unless named therein if the statute *601 tends to restrain or diminish its powers or interests (Carey v. Standard Brands, 12 A D 2d 233, 235, 236, affd. 12 N Y 2d 855). It is an ancient rule that general words in the statute neither include nor bind the government by whose authority it was enacted where its sovereign rights or interests are involved (Jewish Hosp. of Brooklyn v. “ John Doe ”, 252 App. Div. 581, 584; see, also, Matter of Long Is. Lacquer Co., 3 A D 2d 669; Denton v. State of New York, 72 App. Div. 248). Another canon of construction is that moneys due to a sovereign body are inherently endowed with the characteristics of priority and in the absence of a specific provision to the contrary the prerogative right of priority may not be restricted or abridged (Matter of Lehrer-Howard, 181 Misc. 683, 685).
Having in mind the foregoing general rules of construction and the fact that the word “ debt ” in its ordinary sense does not include a tax (Words and Phrases, vol. 11, p. 285), the court is constrained to hold that the city and State taxes have priority over customer deposit claims. Specific authority for this conclusion is contained in Matter of Lemer Sleep Shops Corp. (N. Y. L. J., Oct. 19, 1967, p. 18, col. 4.), in which the very same issue was raised. Although the force of that decision may be somewhat diluted by the fact that there was no opposition in that case, it is to be presumed that the court would not have directed a. priority for taxes if it were in conflict with the applicable law, regardless of whether or not there was opposition. The case of Peters v. State of New York (41 Misc 2d 980), cited by the assignee, is not applicable. That case relates to a discovery and inspection proceeding against the State of New York where the purpose of the statute was clear and there was no doubt as to the intent of the Legislature.
The motion to settle the account is granted. Submit order in which the court will fix the fees and allowances and directing a priority with respect to tax payments in accordance with the above decision.