WALTER F. TROTTER, as Receiver of GILMAN-McNEILL COMPANY, in His Own Behalf and in Behalf of Other Creditors of the IRON RAILWAY COMPANY, Respondent, *v.* FREDERICK J. LISMAN et al., Defendants, and IRON RAILWAY COMPANY, Appellant.

WALTER F. TROTTER, as Receiver of GILMAN-McNEILL COMPANY, in His Own Behalf and in Behalf of Other Creditors of the IRON RAILWAY COMPANY, Respondent, *v.* WILLIAM A. DICK et al., Individually and as Surviving Members of the Firm of DICK BROS. & CO. et al., Appellants, Impleaded with Others.

Equity — action by non-resident receiver of a foreign corporation to recover assets unlawfully held by residents of this state — when such action can be maintained.

1. The provisions of the Code of Civil Procedure (§ 1780) do not affect the inherent power of a court of equity to take jurisdiction, when invoked in a case falling within some subject of equity jurisdiction. The Supreme Court possesses general jurisdiction in equity, and creditors' actions to reach the personal property and things in action of their judgment debtors have always been of equitable cognizance.

2. The assets of a corporation constitute a trust fund for the payment of its debts, and its creditors have an equitable lien upon the same, superior to the right of the stockholders.

3. A non-resident receiver of a foreign corporation, who holds an unpaid judgment recovered in another state against another foreign corporation, may maintain an action in the courts of this state to recover assets of the judgment debtor claimed to have been unlawfully diverted and held by residents of this state. (*Trotter* v. *Lisman,* 199 N. Y. 497, distinguished.)

4. The judgment debtor is not a necessary but is a proper party to the action.

*Trotter* v. *Lisman,* 154 App. Div. 922, affirmed.
*Trotter* v. *Dick,* 154 App. Div. 932, affirmed.

(Submitted June 4, 1913; decided June 20, 1913.)

APPEAL, in the first above-entitled action, from an order of the Appellate Division of the Supreme Court in

the first judicial department, entered January 3, 1913, which reversed an interlocutory judgment of Special Term sustaining a demurrer to the complaint, and overruled such demurrer.

Appeal, in the second above-entitled proceeding, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 3, 1913, which affirmed an interlocutory judgment of Special Term overruling a demurrer to the complaint.

The plaintiff brings this action to recover property, alleged to have been diverted from the defendant, Iron Railway Company, and to be held by the individual defendants, which should be applied to the payment of the claims of the plaintiff and of other creditors of the said company. The Iron Railway Company and certain of the individual defendants have demurred to the complaint upon the grounds that the court has not jurisdiction of the subject of the action and that the complaint does not state facts sufficient to constitute a cause of action. The complaint alleges that the plaintiff, a resident of Ohio, was duly appointed as the receiver of the Gilman-McNeil Company, a corporation of the state of West Virginia, in an action brought in that state. As such receiver, he recovered a judgment in the state of Ohio against the Iron Railway Company, a corporation of that state, for moneys due the Virginia corporation upon contracts relating to certain railway construction. Execution was issued upon said judgment and was returned unsatisfied. It is alleged that the plaintiff was, and is, a non-resident of the state of New York; that the cause of action, upon which he obtained his judgment, did not arise within this state and that it is not possible for him to maintain an action against the railway company in the courts of this state "so as to obtain judgment and issue execution thereon." The complaint sets forth that the Iron Railway Company, under a certain contract made in the state of Ohio with

the Detroit Southern Railway Company, had agreed to convey to the latter company its railroad property, franchises and assets in consideration of the payment of the sum of $600,000, to the Iron Railway Company, or its shareholders, upon the delivery of their shares of stock to the vendee. Upon the payment to the shareholders, "the officers of the company should be authorized to acknowledge the receipt of said consideration in their behalf with the same effect as if * * * paid to the Railway Company." It is, then, alleged that the firm of F. J. Lisman & Co. of New York city controlled the conduct of the affairs and business of the Iron Railway Company, through ownership and control of the capital stock, and arranged the terms of the contract of sale, which has been referred to; that the said firm of F. J. Lisman & Co., purporting to act on behalf of the railway company, received in New York city the said sum of $600,000, and interest thereon, and, thereupon, and in accordance with the provisions of said contract, paid the same in said city to certain firms named, who were shareholders of the railway company; that, at the date of the said contract, the railway company had no property, nor assets of any description, other than the property agreed to be conveyed under the contract, and now has no property, nor assets, whatsoever, excepting its right to receive the consideration mentioned in said contract; that, at the time of the distribution of the $600,000 received by Lisman & Co., the defendants knew of the obligations of the railway company to the Gilman-McNeil Company, the corporation of which the plaintiff is the receiver; that the latter company was continuing to perform its contracts and that the railway company would be rendered incapable of paying the indebtedness then due and to be due under said contracts, and that the distribution of the $600,000 was made with the intention of preventing the use of that money for the payment of the railway company's debts to the Gilman-McNeil

Company, or its other creditors. It is alleged that, though thereto requested, the Iron Railway Company had failed to bring any suit against Lisman & Co. for the recovery of the said sum of $600,000. Judgment is demanded that a receiver be appointed, to whom the individual defendants should account and pay over the moneys and assets received by them under the aforesaid contract, and that the same be applied upon the plaintiff's claim and upon any other claims properly payable therefrom. The defendants to the action, other than the Iron Railway Company, were firms doing business in the city of New York, who held between them the shares of the capital stock of the railway company. At the Appellate Division, all the demurrers interposed to the complaint were overruled and leave was given to appeal to this court; the following questions being certified :

1. Does the complaint state facts sufficient to constitute a cause of action against the several defendants, or any of them ?

2. Has the Supreme Court of the state of New York jurisdiction of the subject-matter of the action.

3. Has the plaintiff legal capacity to sue ?

*George Welwood Murray* for Iron Railway Company, appellant. The complaint fails to state facts sufficient to constitute a cause of action against the defendant Iron Railway Company. (*Flynn* v. *B. C. R. R. Co.*, 158 N. Y. 493; *Kavanaugh* v. *Commonwealth Trust Co.*, 45 Misc. Rep. 295; 103 App. Div. 95; *Leslie* v. *Lorillard*, 31 Hun, 305; *Hallenborg* v. *Greene*, 66 App. Div. 590; *Acken* v. *Coughlin*, 103 App. Div. 1; *Moe* v. *McNally Co.*, 138 App. Div. 480; *Lehigh Coal & Nav. Co.* v. *Central R. R. of N. J.*, 43 Hun, 546.) The court has not jurisdiction of the subject-matter of this action in respect to the defendant Iron Railway Company, and the plaintiff has not legal capacity to sue, because the plaintiff is a non-resident, the railway company is a foreign

corporation, and the cause of action did not arise within this state. (*Robinson* v. *O. S. N. Co.*, 112 N. Y. 315; *Barker* v. *Cunard Steamship Co.*, 91 Hun, 495, 500; *Anglo-American Provision Co.* v. *Davis Co.*, 50 App. Div. 273; *Snow Church & Co.* v. *Snow Church Surety Co.*, 80 App. Div. 40; *Jones* v. *Burr Brothers, Inc.*, 142 App. Div. 640; *Mabon* v. *Ongley El. Co.*, 156 N. Y. 196.)

*Ralph Polk Buell* and *George S. Graham* for William A. Dick et al., constituting the firm of Dick Bros. & Co., appellants. The complaint does not state facts sufficient to constitute a cause of action against the defendant Iron Railway Company. (*Flynn* v. *Brooklyn City R. R. Co.*, 158 N. Y. 493; *Kavanaugh* v. *Commonwealth Trust Co.*, 181 N. Y. 121.)

*Achilles H. Kohn* and *Robert G. Starr* for Jules S. Bache et al., composing the firm of J. S. Bache & Co., appellant. The complaint does not state facts sufficient to constitute a cause of action. (*Trotter* v. *Lisman*, 199 N. Y. 497; *Nat. Tradesmen's Bank* v. *Wetmore*, 124 N. Y. 241; *Patcher* v. *Rofkar*, 12 App. Div. 475; *McCartney* v. *Bostwick*, 32 N. Y. 53; *Bateman* v. *Hunt*, 46 Misc. Rep. 346; *Gunnison G. & W. Co.* v. *Whitaker*, 91 Fed. Rep. 191; *Lathrop, Shea & Henwood Co.* v. *Byrne*, 115 App. Div. 846; *F. Nat. Bank* v. *Smith*, 6 Fed. Rep. 215; *Cunningham* v. *Pell*, 5 Paige, 607; *Prentiss* v. *Bowden*, 145 N. Y. 342.) The court has not jurisdiction of the subject of the action. (*Robinson* v. *Oceanic Steam Navigation Co.*, 112 N. Y. 315; *Anglo-Am. Provision Co.* v. *Davis Provision Co.*, 169 N. Y. 506; *Hoes* v. *N. Y., N. H. & H. R. R. Co.*, 173 N. Y. 435; *Osgood* v. *Laytin*, 3 Keyes, 521; *F. Nat. Bank* v. *Smith*, 6 Fed. Rep. 215; *Lathrop, Shea & Henwood Co.* v. *Byrne*, 115 App. Div. 846; *Cunningham* v. *Pell*, 5 Paige, 607; *Swan L. & C. Co.* v. *Frank*, 148 U. S. 603; *C. A. Co.* v. *Cook*, 152 Fed. Rep. 652; *Lawrence* v.

*Southern Pacific Co.,* 180 Fed. Rep. 822; *Elkhart Nat. Bank* v. *N. W. G. Loan Co.,* 87 Fed. Rep. 252.)

*Hugh A. Bayne* for respondent. The failure of the plaintiff to obtain judgment against the Iron Railway Company in New York, and to issue execution thereon, was not a condition precedent to the maintenance of this action in equity. (*N. T. Bank* v. *Wetmore,* 124 N. Y. 241; *Bartlett* v. *Drew,* 57 N. Y. 587; *Cole* v. *M. I. Co.,* 133 N. Y. 164; Code Civ. Pro. § 1080; *McCartney* v. *Bostwick,* 32 N. Y. 53; *Lefevre* v. *Phillips,* 81 Hun, 232; *Patchen* v. *Rofker,* 12 App. Div. 475; 52 App. Div. 367; *Bateman* v. *Hunt,* 46 Misc. Rep. 346.) The Supreme Court has jurisdiction of the subject-matter of the action. (*Hibernia Nat. Bank* v. *Lacombe,* 84 N. Y. 367; *Durham* v. *Spence,* L. R. [6 Ex. Cas.] 46.)

GRAY, J. I think that the demurrers to the complaint have been properly overruled and that the pleading sets forth a cause of action, of which the Supreme Court has jurisdiction. In a previous action, brought by this plaintiff against Lisman and others, the demurrers were sustained and the complaint was dismissed. (*Trotter* v. *Lisman,* 199 N. Y. 497, 501.) We held that the complaint was defective; inasmuch as it did not appear that the plaintiff had recovered any judgment against the debtor railway company in any court of this state and no facts were stated, from which it would appear that such an action could not have been brought here and which would constitute an excuse for not bringing one. As the complaint was then framed, the plaintiff, notwithstanding that his judgment was recovered in the state of Ohio, was to be regarded merely as a general creditor, who had not complied with the requirements of the Code in such cases by first exhausting his legal remedies. It was observed that "no ground is made to appear by the bill for the exercise of the court's equitable powers. * * * The plaintiff

alleges the recovery of a judgment upon his claim in a court of another state and an unsatisfied execution thereupon; but he does not state any sufficient excuse for not bringing an action in a court of this state." We recognized that the provisions of the Code of Civil Procedure did not affect the inherent power of a court of equity to take jurisdiction, when invoked in a case falling within some subject of equity jurisdiction; but no such exceptional case was made out. In the present action, however, the plaintiff has amended his complaint, so as to make it appear that he is a non-resident and that the sum of $600,000, paid under the contract for the sale by the Iron Railway Company of its property and franchises, was received by Lisman & Co. in New York city and was there distributed by them to and among the parties defendant, as holders of the shares of the railway company's capital stock. It now appears that the plaintiff could not maintain an action in the courts of this state against the company, within the provisions of section 1780 of the Code of Civil Procedure; inasmuch as the cause of action, upon which his judgment had been recovered, did not arise within this state. That cause of action was the indebtedness of the company upon the Ohio contracts. The case is not brought under our statute governing creditors' actions. The plaintiff invokes the interposition of the equity powers of the court to redress a wrong, committed by persons within its jurisdiction, and there is no valid reason why he should be denied the equitable relief demanded. The Supreme Court possesses general jurisdiction in equity and creditors' actions to reach the personal property and things in action of their judgment debtors have always been of equitable cognizance. That the assets of a corporation constitute a trust fund for the payment of its debts and that its creditors have an equitable lien upon the same, superior to the right of the stockholders, is well settled. (*Bartlett* v. *Drew,* 57 N. Y. 587; *Cole* v. *Millerton Iron Co.,* 133 id.

164.) The object of this action is an accounting and the restoration of assets, which appear to have been diverted from the corporate treasury and to have been apportioned by Lisman & Co. between themselves and the other stockholders, here resident. The allegations of fact in the complaint, which the demurrer admits, are that "the firm of F. J. Lisman & Co. * * * during the performance of said contract * * * controlled the conduct of the affairs and business of the railway company, through ownership and through control of the capital stock thereof; and said firm arranged, directed and controlled the terms and provisions of said contract of June 2, 1902; and the said firm of F. J. Lisman & Co., purporting to act on behalf of the railway company, received, in New York city, New York, the sum of $600,000, and interest thereon, a part of the consideration for said conveyance, and thereupon, and in accordance with the provisions of said contract hereinbefore recited, in October, 1902, said firm of F. J. Lisman & Co., paid the same in said city to the following firms, who were * * * shareholders of the Railway Company." The cause of action set forth in the complaint is the diversion of the assets of the Iron Railway Company by the individual defendants, in New York, in fraud of the rights of the creditors of the railway company. The circumstances that the plaintiff is a non-resident, that his judgment debtor is a foreign corporation and that the judgment was founded on a cause of action arising in a foreign state affect his right to bring a creditor's action under the Code; but they are immaterial as affecting the fact that these defendants have received property of the railway company, which should be applied upon its debts and for which they should account. The necessity of bringing the action in this state is apparent and the Code has not deprived the Supreme Court of its equitable powers to intervene and to grant relief to a creditor, when its decrees can be enforced against a defendant. (See *Nat. T.*

*Bank* v. *Wetmore,* 124 N. Y. 241; *Miller* v. *Quincy,* 179 id. 294; *De Coppet* v. *Cone,* 199 id. 56; *Ernst* v. *Rutherford & B. S. Gas Co.* 38 App. Div. 388.) It would seem an intolerable assertion, under the allegations of fact in this complaint, that the court was without jurisdiction to entertain an action for the recovery of the corporate assets appropriated by the defendants. The plaintiff's cause of action is not derived from the Iron Railway Company; it is one which belongs to him as a creditor to proceed directly against the persons to whom, through the action of the corporation and by the subsequent act of Lisman & Co., the only available corporate assets have been transferred in fraud of the rights of creditors.

The Iron Railway Company is not a necessary party to the action; but its presence as a nominal party defendant is proper enough, in order, if the plaintiff be eventually successful in his action, that, by its voluntary appearance therein, the other defendants may have the benefit of its being concluded by the judgment.

The orders appealed from should be affirmed and the questions certified should be answered in the affirmative.

CULLEN, Ch. J., WILLARD BARTLETT, HISCOCK, CHASE, HOGAN and MILLER, JJ., concur.

Orders affirmed, with costs.