THE FRANK SHEPARD COMPANY, Appellant, *v.* ZACHARY P. TAYLOR PUBLISHING COMPANY and HARRIET A. SHUART, Respondents.

Fourth Department, November 16, 1921.

Corporations — suit by judgment creditor to set aside chattel mortgage given in violation of Stock Corporation Law, § 66 — nature of action — ten-year Statute of Limitations applicable — res judicata — judgment in favor of defendants in action between same parties to set aside mortgage on ground of common-law fraud not res judicata.

A suit by a judgment creditor against a corporation and a chattel mortgagee to set aside a chattel mortgage on the ground that it was given in violation of section 66 of the Stock Corporation Law, is not one to recover upon a liability created by statute other than a penalty or forfeiture, but is

a suit in equity for the establishment by proof of those elements set forth in said section which if established would decree . the invalidity of the chattel mortgage, and it is, therefore, governed by the ten-year Statute of Limitations.

A judgment in favor of a corporation and a chattel mortgagee in an action brought against them by a judgment creditor of the corporation to have the chattel mortgage set aside on the ground of common-law fraud is not *res judicata* of the issues in a subsequent suit between the same parties to have the same mortgage set aside on the ground that it was given in violation of section 66 of the Stock Corporation Law, for the issues in the two actions are different. In the former action it was necessary for the plaintiff to show *scienter* on the part of the transferee, while in this suit knowledge by the transferee of an intended fraud is not an essential element and recovery may - be had though the transferee took the mortgage in good faith.

HUBBS, J., dissents.

APPEAL by the plaintiff, The Frank Shepard Company, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Monroe on the 31st day of January, 1920, upon the decision of the court rendered after a trial at the Monroe Special Term.

*F. Sidney Williams*, for the appellant.

*Chamberlain, Page & Chamberlain*, for the respondents.

LAMBERT, J.:

This action is brought under the provisions of section 66 of the Stock Corporation Law to declare invalid and void a chattel mortgage and foreclosure sale thereunder and for an accounting. Trial resulted in the dismissal of the complaint upon the opinion of SAWYER, J. (180 N. Y. Supp. 122).

The plaintiff is the publisher and owner of certain law books popularly known as " Shepard's Citations." The defendant Zachary P. Taylor Publishing Company, was formerly the publisher and engaged in the sale of a similar publication known as " Taylor's Citations." The two corporations were competitors.

About September, 1909, the charge was made by the plaintiff that the Zachary P. Taylor Publishing Company was copying the plaintiff's works. An action was brought in the Federal court to enjoin the Taylor Publishing Company from publishing and selling its copies embodying work done by the

plaintiff. That action came on for trial in April, 1911, and in it the plaintiff was successful. On April twenty-fifth a decree was entered in the Federal court enjoining the Taylor Company from continuing its publication and directing an accounting for profits obtained by its sales of its infringing books.

The Taylor Publishing Company appealed to the Circuit Court of Appeals from such a decree, but the same was affirmed in March, 1912 (*Frank Shepard Co.* v. *Zachary P. Taylor Pub. Co.*, 193 Fed. Rep. 991.)

On April 4, 1912, the Zachary P. Taylor Publishing Company executed a chattel mortgage covering all its property to the defendant Shuart, a sister of Zachary P. Taylor, the chief owner of the Taylor Publishing Company. That mortgage was foreclosed and the property was bid in by the mortgagee and immediately leased to Taylor personally and Taylor personally continued to make the publication, subscriptions for which had been theretofore taken by the publishing company and to continue in his own name those things which the corporation had been enjoined from doing.

In March, 1918, the plaintiff brought an action against these same defendants as in this action, assailing the validity of such chattel mortgage and its foreclosure upon the charge of common-law fraud, predicating such action upon the unsatisfied judgment obtained in the Federal court.

In that action the plaintiff was unsuccessful and therein determination was made that the chattel mortgage was given for a full and valuable consideration and was taken by Mrs. Shuart without any knowledge of any fraudulent purpose or intent upon the part of the Taylor Publishing Company. In other words, the plaintiff failed to establish common-law fraud and its complaint was dismissed. Appeal was taken from such determination, which was affirmed by this court (188 App. Div. 906).

This action in its present form is permitted by section 66 of the Stock Corporation Law and is intended to secure a judgment declaring void the chattel mortgage mentioned.

The judgment roll in the judgment creditors' action based upon common-law fraud was offered in evidence herein as a matter of defense, and predicated upon that determination the

court below has dismissed this complaint upon the theory that the issues here involved were or could have been properly litigated in the former judgment creditor's action and hence that the result in that action is *res adjudicata* and bars this litigation.

The further question is raised on this appeal that the six-year Statute of Limitations applies to this action and that inasmuch as more than six years have expired since the filing of the chattel mortgage, this action is barred.

Most clearly the ten-year statute and not the six-year statute applies to the facts in this case. (See Code Civ. Proc. §§ 388, 382.) The six-year statute is sought to be made applicable by considering this action as one to recover upon a liability created by statute other than a penalty or forfeiture, as described in subdivision 2 of section 382 of the Code of Civil Procedure.

This is not an action to recover upon a liability created by statute. It is an action in equity for the establishment by proof of those elements set forth in section 66 of the Stock Corporation Law which, if established, would decree the invalidity of the chattel mortgage and the foreclosure sale thereunder.

As to such an action, the ten-year statute is applicable. (*Gilmore* v. *Ham*, 142 N. Y. 1.)

This leaves then the single question upon this appeal, of the effect of the former adjudication.

The court below has adopted the rule laid down in the case of *Steinbach* v. *Relief Fire Ins. Co.* (77 N. Y. 498) as the rule to be followed in the application of the doctrine of *res adjudicata*. The trial court has reasoned that the purpose of the former action and the purpose of this action are identical and that the parties are the same; that the same evidence introduced in the former action was introduced in this action and that, therefore, the issue here was or could have been litigated in the former action and hence that the former adjudication was a bar to this action.

That the parties are identical and that the ultimate effect of success by the plaintiff in the two actions would be the setting aside of this chattel mortgage and the foreclosure

thereof cannot be disputed. However, the two actions differ in their issues.

The former action sought to establish common-law fraud. In it it was essential that the mortgagee should have participated in or had knowledge of the fraud sought to be thereby consummated.

In this action common-law fraud is not asserted and is not essential to recovery. Section 66 of the Stock Corporation Law declares: " No conveyance, assignment or transfer of any property of any such corporation * * * nor any * * * lien created or security given by it * * * when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid * * ' *. Every transfer or assignment or other act done in violation of the foregoing provisions of this section shall be void."

In other words, this record shows that the effect of this mortgage was to give a preference. It absorbed all of the assets of the corporation. It was given by a corporation actually insolvent. Under such circumstances, the illegality of the transaction arises by virtue of the force of the statute and irrespective of whether or not it involved any actual fraud upon the part of the mortgagee, Mrs. Shuart.

It is apparent that this statute might be violated under circumstances which would preclude recovery upon the same facts in an action for common-law fraud. The common-law form of action requires as an essential, *scienter* on the part of the transferee. It was definitely established in the former action that Mrs. Shuart did not know of such insolvency on the part of the publishing company and that she acted in good faith so far as she was concerned. That conclusion necessarily precluded judgment for the plaintiff in the first action; but it does not preclude recovery upon the cause of action now invoked. *Scienter* is not a necessary element in an action predicated upon the statute. The statute declares a sequence of events to work illegality in the transaction and guilty knowledge is not one of its requirements.

We have, therefore, an instance where a second cause of action differs materially and essentially from the one previously invoked. A case is presented where the same facts lead to

judgment for the defendant in the one case and for the plaintiff in the other.

Under such circumstances, the judgment in the first action is not and cannot be *res adjudicata* in the second.

The broad rule as enunciated in the *Steinbach Case* (*supra*) has its limitations. As was said in *Griffen* v. *Keese* (187 N. Y. 454, 464): " It has been sometimes stated to be the general rule that a judgment is conclusive not only upon the question actually contested and determined, but upon all matters which might have been litigated and decided in the same suit. This is doubtless true of all matters properly belonging to the subject of the controversy and within the scope of the issues. But that is not the rule when the second suit, although between the same parties, is on a different cause of action. In such a case the judgment is not conclusive on all matters which might have been litigated in the former action, but only as to such points or questions as were actually in issue and adjudicated therein."

Applying this modification of the general rule to the facts here present, there is no apparent reason why the doctrine of *res adjudicata* should be held to bar this action.

Examination of the findings embodied in the judgment roll in the former action, in evidence here, discloses no finding or conclusion necessarily repugnant to recovery by the plaintiff in this action.

The judgment should be reversed and a new trial granted, with costs to appellant to abide the event. Findings of fact numbered III, IV, VIII, IX and X should be disapproved.

All concur, except HUBBS, J., who dissents.

Judgment reversed and new trial granted, with costs to appellant to abide event. Findings of fact numbered III, IV, VIII, IX and X are disapproved and reversed.