HELBURN THOMPSON COMPANY, Plaintiff, *v.* ALL AMERICAS MER-
CANTILE CORPORATION, Appellant.

BENJAMIN SIMON, Respondent.

First Department, November 28, 1924.

Corporations — insolvency — claim by assignee of stockholder and officer based on fraud in sale of stock and agreement by corporation to adjust same — agreement provided that assignor would receive obligations of corporation in adjustment of claim based on fraud and that assignor would return portion of stock — agreement was made while corporation was insolvent — claimant cannot share with general creditors.

A claimant against funds in the hands of a receiver of an insolvent corporation cannot share with the general creditors of the corporation where it appears that the claimant's assignor purchased stock of the corporation and became an officer and director thereof; that subsequently he claimed the right to rescind the sale on account of false and fraudulent representations; that the corporation conceded the fraud and entered into an agreement with the claimant's assignor to adjust the damages by which the corporation agreed to deliver its obligation for ten-twenty-thirds of the shrinkage of the corporate assets, that being the proportion that the stock purchased by claimant's assignor bore to the entire capital stock issued and outstanding, and the claimant's assignor agreed to return as many shares of stock as equalled the amount of the shrinkage; that before the agreement was carried into effect it was discovered that the corporation was hopelessly insolvent and a receiver was appointed; and that subsequently it was learned that there had been a total loss of the corporate assets at the time claimant's assignor became a stockholder.

The claimant cannot recover on the theory that the contract is an executory one for the repurchase by the corporation of its stock, for that would constitute a violation of section 664 of the Penal Law, since it appears that said repurchase was not to be out of surplus.

**70**   Helburn Thompson Co. *v.* All Americas Merc. Corp.

First Department, November, 1924.   [Vol. 211

The claimant cannot recover on the theory that the agreement was an acknowledgment of a debt of the corporation, because it appears that the debt arose out of a surrender of stock under an agreement made while the claimant's assignor occupied the status of stockholder as well as that of officer and director of the corporation, and that the corporation was insolvent at the time the agreement was made; a stockholder of an insolvent corporation cannot agree with the corporation to surrender part of his stock in return for a corporate obligation.

Appeal by the defendant, All Americas Mercantile Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of April, 1924, in so far as it refused to confirm the report of a referee appointed to hear and report as to the validity of a claim against the defendant, an insolvent corporation. The report was against the validity of the claim. The Special Term held the claim valid, and sent the report back to ascertain the amount of the claim.

*Philip Goldfarb*, for the appellant.

*James J. Franc* [*Alfred L. Becker* of counsel], for the respondent.

Finch, J.:

It appears that the claimant's assignor, one Paats, purchased stock amounting to $50,000 in the All Americas Corporation and became an officer and director thereof. He subsequently claimed the right to rescind the sale on account of false and fraudulent representations as to the corporate assets which induced him to make the purchase. It was conceded by the corporation that such representations were false and fraudulently made and that Paats had the right to rescind. An adjustment agreement of compromise thereupon was entered into between the corporation and Paats, whereby Paats was to receive the corporation's obligation for ten-twenty-thirds of the shrinkage of the corporate assets (being the proportion the stock purchased by Paats bore to the total capital stock of the corporation issued and outstanding when he became a stockholder), payable within nine months or sooner upon a liquidation of the corporation, Paats to return to the corporation as many shares of stock as equalled the amount of such shrinkage. It further was agreed that the amount of shrinkage in the corporate assets should be ascertained by an investigation, Paats meanwhile continuing as an officer, director and stockholder. While such investigation was in progress, and before the delivery of the obligation to Paats, it was discovered the corporation was hopelessly insolvent and an assignment for the benefit of creditors was made, a judgment creditors' action instituted and a receiver appointed. Subsequently it was ascertained that there had been a total loss

of the corporate assets at the time when Paats became a stock-holder, hence Paats claimed the right to rescind his purchase of stock *in toto* under the agreement and to receive ten-twenty-thirds of the entire shrinkage in value of the assets of the corporation, amounting to $66,217.81, or $16,217.81 more than Paats paid for his stock, claim for which was filed with the receiver. The question presented is whether Paats is entitled to share with the general creditors of the corporation in the funds in the hands of the receiver.

If, as contended by the appellant, the contract be regarded as an executory contract for the repurchase by the corporation of its stock, then since it appears that such repurchase was not to be out of surplus, the claimant could not compel the payment of this claim, because such payment would be in violation of the provisions of section 664 of the Penal Law* and hence would require the doing of an illegal act. As was said by Mr. Justice SCOTT in a case involving the same principle (*Berryman* v. *Bankers' Life Ins. Co.*, 117 App. Div. 730, 737): " To require the defendant to pay plaintiff the premium declared upon his policy for the year 1905, which, if paid, would necessarily be paid out of capital and not out of surplus, would be to compel the officers of defendant to do an illegal act. Of course, no such judgment can be made."

If on the other hand the contention of the respondent (namely, that the agreement was in acknowledgment of a debt of the corporation) be adopted, the agreement still is unenforcible as a claim of a general creditor, because it appears that the debt arose out of a surrender of shares of stock, and that Paats, both at and subsequent to the date of the agreement occupied the status of stockholder, as well as that of officer and director of the corporation and it further appears that the corporation was insolvent at the time the said agreement was made. In fact this very insolvency is the basis of the claim. When a corporation is insolvent no stockholder can agree with the corporation to surrender part of his stockholding in return for an obligation of indebtedness to him on the part of the corporation and thereby share *pari passu* with general creditors. It always has been against the policy of the law to allow claims of stockholders to share with claims of general creditors in the assets of an insolvent corporation upon an equality.

As was said by Judge GRAY in *Trotter* v. *Lisman* (209 N. Y. 174): " That the assets of a corporation constitute a trust fund for the payment of its debts and that its creditors have an equitable lien upon the same, superior to the right of the stockholders, is

---

* Since amd. by Laws of 1924, chap. 221.— [REP.

well settled." And in *Bartlett* v. *Drew* (57 N. Y. 587) it was held where property of a corporation has been divided among its stockholders before all its debts have been paid, a judgment creditor may maintain an action against a stockholder to reach whatsoever was received by him, the court saying: " It is equally immaterial, whether he got it by fair agreement with his associates, or by any wrongful act. * * * It is a very plain proposition that the stock and property of every corporation is to be regarded as a trust fund for the payment of its debts, and its creditors have a lien and the right to priority of payment over any stockholder."

It follows that the order in so far as appealed, from should · be reversed, with ten dollars costs and disbursements, and the motion to confirm the report of the referee granted, with ten dollars costs.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Order so far as appealed from reversed, with ten dollars costs and disbursements, and motion to confirm report of referee granted, with ten dollars costs.