BEATRICE FEIGENBAUM, an Infant, by Her Guardian ad Litem, Plaintiff, v. NARRAGANSETT STABLES Co., INC., and Others, Defendants.

Supreme Court, Kings County, April 20, 1926.

**Corporations — action by guardian ad litem of infant against corporation and sole stockholders for sequestration after return of execution unsatisfied on judgment against corporation — failure to reappoint guardian ad litem immaterial — appointment may be made nunc pro tunc — failure to bring action in representative capacity no objection — failure to give security, prior to issue of execution, immaterial — plaintiff entitled to relief on merits — individual defendants liable for violation of duty as directors — good faith no defense.**

In an action by the guardian *ad litem* of an infant against a corporation and the sole stockholders, who are the treasurer and president respectively, for the sequestration of moneys in the possession of the individual defendants, brought after the return of an execution unsatisfied on a judgment procured against the corporation for damages resulting from personal injuries, the fact that the guardian *ad litem* was not reappointed in this action is a mere irregularity, which may be cured by an order to be entered *nunc pro tunc.*

The complaint should not be dismissed on the ground that the action was not

brought in a representative capacity, since it does not appear that the rights of other creditors are involved.

The fact that security had not been given prior to the issuance of the execution on the judgment in the action for negligence is immaterial, since the defendant corporation had no property with which to pay the judgment.   The sheriff's return is evidence of the exhaustion of the plaintiff's remedies and justifies the action for sequestration.   Moreover, since an execution was issued and returned unsatisfied, the defendants may not attack it collaterally.

The plaintiff is entitled to relief upon the merits, since it appears that between June, 1920, and December, 1921, the individual defendants divided between them more than $23,000 of the corporation's money, and that the corporation ceased doing business during June, 1921, and the defendants had notice of the plaintiff's claim during April, 1921.

The individual defendants are personally liable for their violation of duty as directors of the corporation in divesting it of its property without reasonable provision for the payment of its creditors, and good faith constitutes no defense.

ACTION against a corporation and the defendants, the sole stockholders, for the sequestration of moneys in the possession of the individual defendants.

*Abraham S. Keilson* [*Anton Gronich* of counsel], for the plaintiff.

*Wing & Wing* [*James G. Purdy* of counsel], for the defendants.

HAGARTY, J.   The infant plaintiff recovered a substantial judgment against the defendant Narragansett Stables Co., Inc., on the 23d day of May, 1924, for damages resulting from personal injuries sustained by her on the 18th day of April, 1921.   Thereafter execution was issued and returned unsatisfied.   The corporation ceased doing business in June of 1921.   The judgment was not paid, and this action is brought against the corporation and the defendants Naughton and Mulgrew, sole stockholders, and treasurer and president, respectively, of the corporation, for sequestration of the moneys belonging to the corporation in the possession of the individual defendants, for distribution as prescribed by law among all of the creditors, and for the appointment of a receiver of the corporation.

At the close of the evidence the defendants moved for a dismissal of the complaint upon the grounds that no guardian *ad litem* had been appointed for the infant plaintiff, that the action was not brought in a representative capacity, and that the plaintiff failed to allege and prove that before issuing execution to the sheriff the security required by law had been given.

In form this action is brought by the guardian *ad litem* who was appointed for the infant in the original action.   He was not reappointed in this action.   This, however, is a mere irregularity which may be cured now by an order to be entered *nunc pro tunc.* (*Rima* v. *Rossie Iron Works,* 120 N. Y. 433, 440; *Holmes* v. *Staib*

*Abendschein Co., Inc.*, 198 App. Div. 354.) The cases cited involved section 469 of the Code of Civil Procedure, which required the appointment of a guardian *ad litem* before a summons is issued, and held that failure to appoint a guardian *ad litem* did not affect the jurisdiction of the court. Section 202 of the Civil Practice Act is less exacting, and provides for the appointment of such a guardian " by the court in which the action is brought or about to be brought." The note to the section states that the words " or about to be brought " were inserted in place of the first part of section 469 of the Code, that is, " before a summons is issued." This indicates an intentional omission.

Defendants' argument that the complaint should be dismissed on the ground that the action was not brought in a representative capacity is not sound. It does not appear that the rights of other creditors are involved. Defendants rely on *Davis* v. *Wilson* (150 App. Div. 704), in which the demand for judgment was for the exact balance due the plaintiff, and no equitable relief, as in this case, was sought. (See *Cullen* v. *Friedland*, 152 App. Div. 124; *Buckley* v. *Stansfield*, 155 id. 735; affd., 214 N. Y. 679; *Darcy* v. *Brooklyn & N. Y. Ferry Co.*, 196 id. 99; *Giles Dyeing M. Co.* v. *Klauder-Weldon D. M. Co.*, 198 App. Div. 564.)

The fact that security had not been given prior to the issuance of execution is immaterial. Since the defendant corporation had no property with which to pay the judgment, the issuance of the execution was an idle ceremony. The sheriff's return is evidence of the exhaustion of the plaintiff's remedies and justifies this action. (*Taylor* v. *Ellsworth Building Corp.*, 183 N. Y. Supp. 394; 199 App. Div. 934.) Further, since an execution was issued and returned unsatisfied, the defendants may not attack it collaterally. (*Wright* v. *Nostrand*, 94 N. Y. 31.)

Upon the merits the plaintiff is entitled to relief. Between June, 1920, and December, 1921, the individual defendants divided between them the sum of $23,176.56 of the corporation's money, which they claim was due to them under an oral agreement that they should each receive salary at the rate of $400 per month. Having in mind the condition of the corporation, the ownership of the stock, the manner in which the business was conducted, and the fact that the corporation ceased doing business during June, 1921, it is clear that these payments were but a step in its dissolution. The defendants had notice of the plaintiff's claim as early as April, 1921, at which time notice was forwarded to the Naughton-Mulgrew Motor Car Company, owned exclusively by the individual defendants. But, even if the defendants did not have notice of the plaintiff's claim, that is not material. While

I find that there has been no actual fraud upon the part of the individual defendants, their personal liability is predicated upon their violation of duty as directors of the defendant corporation in divesting it of its property without reasonable provision for the payment of its creditors. Good faith constitutes no defense. (*Helburn Thompson Co.* v. *All Americas Merc. Corp.*, 211 App. Div. 69, 72; *Cullen* v. *Friedland, supra; Sherwood* v. *Holbrook*, 178 App. Div. 462; *Buckley* v. *Stansfield, supra; Darcy* v. *Brooklyn & N. Y. Ferry Co., supra; Trotter* v. *Lisman*, 209 N. Y. 174.) Upon the entry of an order appointing a guardian *ad litem nunc. pro tunc,* judgment will be awarded the plaintiff.