FERDINAND L. CROSS, Respondent, *v.* ELSA P. BEGUELIN, as Executrix of HENRY R. BEGUELIN, Deceased, Appellant, and WILLIAM T. CROSS et al., Respondents.

(Argued October 16, 1929; decided November 19, 1929.)

*Charles Furnald Smith, Otis S. Carroll* and *Burchard Dutcher* for appellant. The law imposes as a condition essential to the validity of a contract of this kind, the proviso that payment is to be made only out of surplus, and this proviso is equally binding on both parties to the contract. (*Richards* v. *Wiener Co.*, 145 App. Div. 353; 207 N. Y. 59; *Topken, Loring & Schwartz, Inc.*, v. *Schwartz*, 249 N. Y. 206; *Matter of Fechheimer Fishel Co.*, 212 Fed. Rep. 357; *Crandall* v. *Lincoln*, 52 Conn. 73.) The defendants, as officers of the corporation, could not have been estopped to assert the legal nature of the contract they made in its behalf. (*Richards* v. *Wiener Co.*, 207 N. Y. 59.)

*Bertha Rembaugh* for plaintiff-respondent. The contract for the purchase of the plaintiff's stock was at all times a valid and enforceable contract. (*Richards* v. *Wiener Co.*, 207 N. Y. 59; *First Trust Co.* v. *Illinois Central R. R. Co.*, 256 Fed. Rep. 830; *Trotter* v. *Lisman*, 209 N. Y. 174; *Matter of Fechheimer Fishel Co.*, 212 Fed. Rep. 357.)

O'BRIEN, J. The parties have submitted this controversy upon an agreed statement of facts. Henry R. Beguelin owned all the shares of preferred stock in Cross

& Beguelin, Inc. Of the 2,545 outstanding shares of the common, he held 1,115 shares, William T. Cross 705 shares and Ferdinand L. Cross 690 shares. The remainder stood in the names of seven other persons to the extent of five shares each. One of these blocks of five shares was held for the benefit of Ferdinand L. Cross. William T. Cross was president and a director and Mr. Beguelin was treasurer and also a director. June 14, 1920, upon the authority of a resolution adopted by the board of directors, for which Messrs. Beguelin and W. T. Cross voted, the corporation, by its president, executed a contract with Ferdinand whereby it agreed to purchase all his holdings for $55,000. At the date of the execution of this contract the corporate surplus was in excess of that sum. Pursuant to the agreement Ferdinand delivered his certificates to the corporation and, until July 17, 1928, he received the stipulated payments. On that date they amounted to $29,800. Then the corporation, instead of a surplus, had a deficit, and shortly thereafter a creditors' committee took over the management and control of its business. All the assets, with the exception of cash on hand, notes, accounts receivable and one other item, were sold to Alfred O. Seeler and all the outstanding stock, including the shares formerly owned by Ferdinand, was with the consent of all the parties to this controversy, also transferred to Seeler. When the contract of sale to Seeler was made, plaintiff and defendants agreed that their consent to that contract should affect neither the merits of plaintiff's claim for the balance of the purchase price of his stock nor defendants' right to dispute it. In accordance with the agreement of all the parties, the creditors' committee disbursed the corporate assets which had been retained and out of such assets satisfied the claims of all creditors, except that of plaintiff for $21,609, as unpaid installments on the purchase of his stock and those of W. T. Cross for $6,110.20 and Mr. Beguelin for $12,561.25 as salaries which had accrued subsequent to the date of

the contract for the purchase of plaintiff's stock. All the parties to this controversy further agreed that " any funds remaining thereafter should be applied to the payment of salary claims of William T. Cross and the Estate of Henry R. Beguelin and that the validity of the claim of Ferdinand L. Cross on account of the agreement made by the corporation for the purchase of its own stock owned by Ferdinand L. Cross should be legally determined, and if the said claim were adjudicated valid, he should receive the same proportionate share of the surplus as the two salary claims, and if the said claim of Ferdinand L. Cross were adjudicated invalid then the surplus should be applied first to the payment of the two salary claims and if any funds then remained, they should be paid to the Estate of Henry R. Beguelin as the former owner of the 625 shares of preferred stock of the corporation." The funds in possession of the creditors' committee are insufficient to pay in full these three claims. The parties submit that this controversy is whether or not plaintiff's claim is valid and should participate *pro rata* with W. T. Cross and the Beguelin estate as creditors for salary or whether his claim should be declared invalid.

When made, the agreement with Ferdinand Cross was valid. Then a surplus existed. After the corporation became financially embarrassed and the surplus shrank to a deficit, the agreement became unenforceable as against the corporation. (Penal Law, § 664; *Richards* v. *Wiener Co.*, 207 N. Y. 59, 65; *Topken, Loring & Schwartz, Inc.*, v. *Schwartz*, 249 N. Y. 206; *In re Fechheimer Fishel Co.*, 212 Fed. Rep. 357.) The assets constitute a trust fund for creditors. (*Trotter* v. *Lisman*, 209 N. Y. 174; *First Trust Co.* v. *Ill. Cent. R. R. Co.*, 256 Fed. Rep. 830.) If plaintiff had pressed his claim against the corporation, it would have been bound to resist it. However, this claim is not against the corporation. It is directed against assets in possession of a creditors' committee. The corporation, for all that the submission shows, is still a going

concern with the ownership of all the stock in the possession of Seeler. The corporation appears to have no interest in this controversy. Inasmuch as W. T. Cross has not appealed, the real issue now is between Ferdinand Cross, as a prior creditor, and the Beguelin estate, as a subsequent creditor for salary arrears and also as a holder of preferred stock. The rights of creditors are, of course, superior to those of stockholders. (*Trotter* v. *Lisman, supra.*) The rights of the seller of the stock appear to be superior to those of subsequent creditors of the corporation who became such with notice of the purchase by the corporation of its own stock. (*First Trust Co.* v. *Ill. Cent. R. Co., supra.*)

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur.

Judgment affirmed.