A. C. LAWRENCE LEATHER COMPANY, Plaintiff, *v*. LOUIS MILGROM and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, First District, May 23, 1934.

*Kaye, McDavitt & Scholer,* for the plaintiff.

*Irving Weiss,* for the defendants.

LEWIS, DAVID C., J. The Flora Hat Works, Inc., was a closed corporation. The individual defendants were its officers, and were in control of its affairs. During July, 1933, they undertook the liquidation of the company. No judicial or statutory or formal procedure was followed. No notice of liquidation was given to the creditors. Without any proceedings, these defendants distributed the entire assets of the corporation, in payment of what they supposed constituted all the outstanding liabilities of the company.

At the time of said distribution this plaintiff held a due and valid claim against the corporation. The defendants allege they were ignorant of it.

On the 18th of August, 1933, judgment was recovered by this plaintiff against the corporation on this debt in the sum of $373.40.

After the issuance and return of an execution wholly unsatisfied, the plaintiff instituted this action against the individual defendants, under section 15 of the Stock Corporation Law. Section 15 of the Stock Corporation Law reads in part as follows: " Every director or officer of a corporation who shall be concerned in the making of any conveyance, assignment, transfer or payment, the suffering of any judgment or the creation of any lien or the giving of any security by such corporation when it is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over any of the other creditors of the corporation, or who shall violate or be concerned in violating any other provision of this section shall be personally liable."

Were the court to assume that when the defendants distributed the corporation assets among the other outstanding creditors, they did not know of the plaintiff's claim, their ignorance of the obligation could not destroy the debt, save the company from insolvency, nor clothe the defendants' acts with immunity.

Under section 15 of the Stock Corporation Law the insolvency of the corporation was not dependent upon the defendants' knowledge of all the company's liabilities. The sufficiency or the insufficiency of the corporate assets to fully satisfy all the corporate obligations constituted the test. And when the company's entire assets totaled only thirty-eight cents against this outstanding obligation of $373.40, the corporation was involvent.

The question of insolvency being answered, the question of intent remains.

In dealing with this problem, we need not struggle with issues of bad faith, fraudulent intent, or evil design. The liability is not laid in the realm of a common-law fraud. The field of the statute is the locale for the judicial determination of violation and liability.

We know the statute aims at an equal distribution of the corporate assets among all the creditors, that the corporate assets constitute trust funds, and the directors are its trustees, and that the object of the statute becomes the obligation of the directors. (*Giles D. M. Co.* v. *Klauder-Weldon D. M. Co.*, 233 N. Y. 470.)

In the consideration of this point it is noted that this case is not an instance where in the regular course of business of a going concern some corporate funds or assets were disbursed with the view of continuing the company; that, to the contrary, this is an instance where in the irregular dissolution of the corporation, the entire corporate property and assets were distributed with the object of winding up the business.

And when the defendants ended the business in this way, they blocked the statute and breached their duty. For their voluntary acts resulted in a preference — as against equality. And into their conduct the law reads an intent to produce the consequences of their acts.

" But, even if the defendants did not have notice of the plaintiff's claim, that is not material. While I find that there has been no actual fraud upon the part of the individual defendants, their personal liability is predicated upon their violation of duty as directors of the defendant corporation in divesting it of its property without reasonable provision for the payment of its creditors. Good faith constitutes no defense. (*Helburn Thompson Co.* v. *All Americas Merc. Corp.*, 211 App. Div. 69, 72; *Cullen* v. *Freedland*, 152 id. 124; *Sherwood* v. *Holbrook*, 178 App. Div. 462; *Buckley* v. *Stansfield*, 155 id. 735; affd., 214 N. Y. 679; *Darcy* v. *Brooklyn & N. Y. Ferry Co.*, 196 id. 99; *Trotter* v. *Lisman*, 209 N. Y. 174.) " (*Feigenbaum* v. *Narragansett Stables Co., Inc.*, 127 Misc. 114, at p. 116; affd., 245 N. Y. 628.)

" The liability of the directors is predicated not on the ground that their action in making the transfer was fraudulent but upon the proposition that it is a violation of duty on the part of the directors of a corporation to divest it of all its property without affording a reasonable opportunity to its creditors to present and enforce their claims before the transfer shall become effective.

" This is the proposition involved in the judgment in this case which we are asked to reverse. We think it is sound in law and should be upheld. * * *

" It is not necessary to determine precisely what the directors of a corporation *must* do in order to protect themselves against liability when they undertake to divest it of all its property and practically dissolve it without taking the proceedings for a voluntary dissolution which are prescribed by law. For the purposes of the present case it is enough to say that they were bound to give *some* notice to creditors of the proposed transfer, and they gave none whatever." (*Darcy* v. *Brooklyn & N. Y. Ferry Co.*, 196 N. Y. 99, at p. 102.)

" *Scienter* is not a necessary element in an action predicated upon the statute. The statute declares a sequence of events to work illegality in the transaction and guilty knowledge is not one of its requirements." (*Shepard Co.* v. *Taylor Pub. Co.*, 198 App. Div. 638, 642; affd., 234 N. Y. 465.)

When the defendants undertook to wind up the business in their own way, instead of following the law's way, they took the matter in their own hands and assumed this very risk.

" Indeed, business men have little cause for complaint when, as in this case, they find themselves in trouble because they have attempted to accomplish privately what the law contemplates shall only be accomplished publicly, namely, the voluntary dissolution of a corporation." (*Darcy* v. *Brooklyn & N. Y. Ferry Co.*, 196 N. Y. 99, at p. 104.) (See, also, *Georgiades* v. *Sunset Fruit Products Corp.*, 237 App. Div. 357.)

Counsel has not referred to section 60 of the General Corporation Law. The court has, however, noted it in reaching a conclusion.

The motion for summary judgment should be granted.

Submit order on two days' notice of settlement with memorandum computing pecuniary loss sustained.