Harold J. Crawford, J.
Motion by plaintiffs for summary judgment on all four causes of action.
The action is brought to recover moneys paid by an allegedly insolvent corporation to an officer and director and to an associated corporation, the latter allegedly constituting a preference.
On May 19, 1945 the individual plaintiffs leased certain real property located in the business district of Jamaica to Carsons Jamaica Inc. (hereinafter called the lessee) for a term expiring on May 19, 1959. The lease required the lessee to pay all taxes.
On April 1,1959, while the lessee was still in possession under the lease, there became due certain real estate taxes in the sum of $10,557.60 for the second half of the 1958-59 tax year. The lessee did not pay the taxes and plaintiffs obtained a judgment against the lessee therefor in the sum of $10,780.50. Execution on the judgment has been returned unsatisfied.
From examinations of the individual defendants, it appears that in January, 1959 the only asset of the lessee was the lease; that the lessee had operated at a loss for the prior five years, except for the year 1957 when there was a profit of $733.56 against an accumulated loss of over $39,000; that in April, 1959 the lessee did not have the funds to pay the taxes; that on April 14,1959 the lessee issued a check, signed by the defendant Milton D. Orowitz, to the order of the defendant Nat Orowitz in the sum of $1,000 in repayment of a loan made to the lessee prior to 1957. Under the circumstances, there can be no doubt that the lessee was insolvent and that both of the defendants knew of its financial condition at the time the check was delivered to the defendant Nat Orowitz. Such transfer, therefore, violated the provisions of section 15 of the Stock Corporation Law. (Lawrence Leather Co. v. Milgrom, 151 Misc. 609; Shepard Co. v. Taylor Pub. Co., 198 App. Div. 638, 642, affd. 234 N. Y. 465.)
The first cause of action is brought to recover this payment from the defendant Nat Orowitz and the third cause of action is to charge personal liability on the individual defendants in making the transaction. There is no defense to these two causes of action and summary judgment is granted in favor of the plaintiffs.
*614 The second and fourth causes of action involve payments made by the lessee to Carsons Department Store Inc. It is claimed that payments made to the department store constituted a preference. In view of the complicated accounting system between the two corporations, it is not clear that there is no' issue to be tried. Accordingly, the motion is denied as to the second and fourth causes of action.
The motion is granted only as to the first and third causes of action. The order hereon may provide for a severance of the second and fourth causes of action. Settle order.